J-S64023-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KENNETH ALLEN CARSON, | |
| Appellant | No. 445 WDA 2014 |

Appeal from the PCRA Order Entered February 4, 2014
In the Court of Common Pleas of Erie County
Criminal Division at No(s):
CP-25-CR-0001062-2012
CP-25-CR-0002858-2012

BEFORE: GANTMAN, P.J., BENDER, P.J.E., and LAZARUS, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED OCTOBER 08, 2014**

Appellant, Kenneth Allen Carson, appeals *pro se* from the trial court's February 4, 2014 order denying his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

In January and March of 2013, Appellant entered *nolo contendere* pleas in two separate cases to indecent assault, possession of cocaine, and possession of drug paraphernalia. On May 2, 2013, he was sentenced to 12 to 24 months' imprisonment for indecent assault, 6 to 12 months' imprisonment for possession of drug paraphernalia, and 18 to 36 months' incarceration for possession of cocaine. These sentences were imposed to run consecutively, totaling an aggregate sentence of 36 to 72 months' incarceration. Appellant did not file post-sentence motions or a direct

appeal. Accordingly, his judgment of sentence became final on June 2, 2013. *See* 42 Pa.C.S. § 9545(b)(3) (judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 903(a) (requiring notice of appeal to "be filed within 30 days after the entry of the order from which the appeal is taken").

Appellant subsequently filed two timely, *pro se* PCRA petitions in each case, which the court consolidated. Counsel was appointed, but subsequently filed a petition to withdraw pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On December 19, 2013, the PCRA court granted counsel's petition to withdraw and issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition. Appellant did not file a timely response, and on February 4, 2014, the court issued an order denying his petition.

Appellant filed a timely *pro se* notice of appeal. In his handwritten brief, he presents five issues for our review, which we reproduce verbatim:

> 1. The Appellant's plea agreement was breached when the Sentencing Judge did not honor the stipulated plea agreement negotiation at the plea hearing.

> 2. The Trial Court Err in denying the Appellant's claim of Counsel ineffectiveness when in open court during sentencing, the Honorable Judge stated that the appellant was a 4 on the prior record score, but the sentence was an illegal sentence because the appellant was classified as a repeat felony I and felony II offender ("RFEL").

3. The Trial Court Err in denying the Appellant's claim of Counsel ineffectiveness by not challenging for the appellant's Time Credited towards the appellant being sentence.

4. The Trial Court Err in denying the Appellant's claim of Counsel ineffectiveness by not filing the appropriate Motion, when asked by the appellant to do so, to file a Modification Motion of the sentence within the ten (10) days prior to being sentenced.

5. The Trial Court Err in denying the Appellant's claim of Counsel ineffectiveness for not challenging or fighting for the appellant for the Drug Rehabilitation Treatment Program Facility for the appellant, when the appellant stated at sentencing that he was an addict and still needed help for his drug addiction.

Appellant's Brief at 3-4.

Our standard of review regarding an order denying post-conviction relief under the PCRA is whether the determination of the court is supported by the evidence of record and is free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding. *Commonwealth v. Touw*, 781 A.2d 1250, 1252 (Pa. Super. 2001). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001).

In Appellant's first issue, he claims that his plea agreement was breached when the negotiated sentence was not imposed by the court. Initially, even if we liberally construe Appellant's argument as a cognizable PCRA claim that his plea was "unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and

the petitioner is innocent[,]" 42 Pa.C.S. § 9543(a)(2)(iii), Appellant's argument is too underdeveloped to convince us that he is entitled to post-conviction relief. Namely, while Appellant cites and discusses various cases that he deems applicable to this issue, he provides no discussion of how this legal authority indicates his plea was invalid in this case. *See* Appellant's Brief at 11-15. Indeed, he does not even explain what term of incarceration he negotiated with the Commonwealth and how it differed from the sentence actually imposed. Accordingly, Appellant's first issue is meritless.[1]

Next, Appellant avers that his sentence is illegal. However, his argument in support of this claim is extremely confusing. He states that a challenge to an illegal sentence may be raised at any time, provides the definition of an "illegal sentence," and sets out the statutory maximum sentences allowed for the various degrees of misdemeanor crimes. Appellant's Brief at 15-17. Yet in regard to the legality of his specific sentence, Appellant simply states the terms of incarceration imposed for

_____

[1] We note that within his first issue, Appellant also seems to argue that his trial counsel was ineffective for failing to correct an error in the calculation of Appellant's prior record score. Again, Appellant does not provide sufficient explanation of this claim. He does not state what error was made in calculating his prior record score or cite to where in the record counsel should have objected. Moreover, the PCRA court states that the prior record score "was properly applied at the time of sentencing." PCRA Court Opinion (PCO), 12/19/13, at 9. Appellant's argument does not convince us that the court's conclusion was an abuse of discretion.

each crime, and declares that he "feels that the Judge had sentenced him invalidly." *Id.* at 17. Appellant's argument is insufficient to prove that his sentence is illegal. Accordingly, the PCRA court did not err in rejecting this claim.

In his third issue, Appellant maintains that his trial counsel was ineffective for not challenging the court's failure to award Appellant credit for time served. In reviewing such claims, our Supreme Court has stated that:

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner. To obtain relief, a petitioner must demonstrate that counsel's performance was deficient and that the deficiency prejudiced the petitioner. A petitioner establishes prejudice when he demonstrates "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." … [A] properly pled claim of ineffectiveness posits that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission.

*Commonwealth v. Johnson*, 966 A.2d 523, 532-33 (Pa. 2009) (citations omitted).

Here, in support of Appellant's claim of ineffectiveness, he simply states that he "is entitled to credit for time served in state custody because [he was] denied release on bail due to an outstanding federal detainer."

- 5 -

Appellant's Brief at 19. However, the PCRA court concluded that Appellant's time served "was properly attributable to the federal detainer." PCO at 9. Appellant's undeveloped discussion of this issue does not convince us that the PCRA court's conclusion is erroneous or an abuse of discretion. Accordingly, his claim of ineffectiveness lacks arguable merit.

Next, Appellant avers that his trial counsel acted ineffectively by not filing a motion to modify Appellant's sentence as Appellant requested. Again, Appellant provides no discussion of the particulars of this claim, such as what issues he wanted counsel to raise in a post-sentence motion, or why those assertions would have warranted sentencing relief. Accordingly, he has not demonstrated that this issue has arguable merit.

In any event, as the PCRA court emphasizes, counsel *orally* moved for modification of Appellant's sentence before the close of the sentencing proceeding. PCO at 2. In particular, counsel asked the court to reconsider Appellant's sentence in light of the fact that Appellant entered a plea agreement. Counsel also requested reconsideration of the court's decision to impose consecutive, rather than concurrent, terms of incarceration. The court rejected both of these requests. Because counsel orally sought sentencing modification, Appellant has also failed to prove he was prejudiced by counsel's failure to file a written post-sentence motion.

In Appellant's fifth issue, he contends that trial counsel was ineffective for not "fighting for" Appellant to be sentenced to "intermediate punishment" in an inpatient, drug treatment program. Appellant's Brief at 20-21.

Appellant argues that counsel should have asked for such a sentence because "[A]ppellant had stated at sentencing[] that he was an addict and still needed help for his drug addiction." *Id.*

Appellant has failed to prove that he was prejudiced by counsel's purported error in this regard. Appellant does not explain why the court would have sentenced him to "intermediate punishment" in a drug treatment program had counsel sought such a sentence. Considering the court's emphasis on Appellant's prior criminal record, the nature of his instant offenses, and the fact that Appellant committed the current crimes while on federal supervision for unrelated convictions, it is extremely unlikely that the court would even have considered a sentence of 'intermediate punishment,' let alone imposed one. *See* PCO 2, 9. Moreover, as the PCRA court points out, it took into account Appellant's addiction issues and ordered drug and alcohol treatment as part of his sentence. PCO at 8 (citing N.T. Sentencing, 5/2/13, at 42). Therefore, counsel was not ineffective for failing to request a sentence of intermediate punishment in a drug treatment program.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/8/2014

- 7 -