**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Michael CARR a/k/a Krajci, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 29, 2001.
Filed Feb. 22, 2001.

Michael Carr, appellant, pro se.

Patrick L. Meehan, Vram Nedurian, Jr., Asst. Dist. Attys., Media, for Com., appellee.

Before JOHNSON, HUDOCK, and KELLY, JJ.

KELLY, J.:

¶ 1 Appellant, Michael Carr, asks us to determine whether the trial court erred when it denied his PCRA petition as untimely without affording him a hearing.

We hold that Appellant's PCRA petition is untimely as it was filed more than one year from the date Appellant's conviction became final. We also hold that Appellant's recent discovery of trial counsel's failure to file a direct appeal on his behalf does not meet any exception to the PCRA's timeliness requirements. Accordingly, we affirm the order denying PCRA relief.

¶ 2 The relevant facts and procedural history of this appeal are as follows. On June 1, 1995, the Commonwealth charged Appellant with robbery[1] in connection with a bank heist that occurred in April 1995. On August 7, 1995, Appellant entered an open guilty plea to the robbery charge. The court imposed a sentence of six and one-half to twenty years' incarceration on September 25, 1995.

¶ 3 Appellant subsequently filed a motion to withdraw his guilty plea and a petition to reconsider his sentence. The trial court conducted a hearing on October 20, 1995. At the hearing, Appellant withdrew his motion to withdraw his guilty plea. By order filed January 10, 1996, the trial court denied Appellant's petition to reconsider his sentence. No direct appeal was filed.

¶ 4 On April 27, 1999, Appellant filed a *pro se* petition under Pennsylvania's Post Conviction Relief Act ("PCRA").[2] The court appointed counsel to assist Appellant with his petition. Counsel then sought to withdraw representation, and filed a "no merit" letter on August 24, 1999.[3] The court granted counsel's request to withdraw representation on January 12, 2000.

¶ 5 Appellant filed a *pro se* motion for enlargement of time and a petition for transcripts on January 31, 2000. On February 4, 2000, the court notified Appellant of its intent to dismiss his petition as untimely. After receiving Appellant's reply brief, the court dismissed Appellant's PCRA petition as untimely and denied his motion for enlargement of time and petition for transcripts. This appeal followed.

¶ 6 On appeal, Appellant raises the following issues for our review:

DID THE COURT ERR IN DISMISSING [APPELLANT'S] PETITION FOR RELIEF PURSUANT TO THE POST CONVICTION RELIEF ACT AS UNTIMELY AND WITHOUT A HEARING?

DID THE COURT ERR AND DENY [APPELLANT] MEANINGFUL REVIEW BY REFUSING *PRO SE* [APPELLANT] A COPY OF HIS TRIAL TRANSCRIPTS?

(Appellant's Brief at 5).

¶ 7 In reviewing the propriety of the PCRA court's denial of a petition for relief, we are limited to determining whether the record supports the court's findings, and whether the order is otherwise free of legal error. *Commonwealth v. Allen*, 557 Pa. 135, 732 A.2d 582 (1999) (citing *Commonwealth v. Jermyn*, 551 Pa. 96, 709 A.2d 849 (1998)). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Bell*, 706 A.2d 855 (Pa.Super.1998), *appeal denied*, 557 Pa. 624, 732 A.2d 611 (1998).

¶ 8 In his first issue, Appellant argues that he requested trial counsel to file a direct appeal on his behalf, but no appeal was ever filed. Appellant contends that he is entitled to a hearing to examine whether trial counsel's failure to file an appeal denied Appellant his constitutional right to a direct appeal. Appellant also alleges that he did not learn of counsel's failure to file his direct appeal until approximately March 25, 1999. Appellant maintains that he filed the instant PCRA petition less than sixty days following his discovery that

---

1. 18 Pa.C.S.A. § 3701(a)(1)(ii).

2. 42 Pa.C.S.A. §§ 9541–9546.

3. *Commonwealth v. Finley*, 379 Pa.Super. 390, 550 A.2d 213 (1988) (*en banc*).

trial counsel failed to file a direct appeal. Thus, Appellant concludes, his PCRA petition meets the exception to the PCRA's timeliness requirements under subsection 9545(b)(1)(ii) for after-discovered evidence. We disagree.

■■■■ ¶ 9 The time requirements for filing a PCRA petition are as follows:

**(b) Time for filing petition.**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b)(1)-(2). These provisions apply to all PCRA petitions filed after January 16, 1996. *See Commonwealth v. Fahy*, 558 Pa. 313, 737 A.2d 214 (1999) (stating effective date of PCRA amendments was January 16, 1996). "Given the fact that the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner." *Commonwealth v. Murray*, 562 Pa. 1, 5, 753 A.2d 201, 202–203 (2000). Moreover, these provisions apply to "all PCRA petitions, regardless of the nature of the individual claims raised therein." *Id.* at 5, 753 A.2d at 202. Thus, as a general rule, the fact that counsel failed to file a direct appeal and thereby denied an appellant his constitutional right to a direct appeal, does not save that appellant's PCRA petition from the timeliness requirements of Section 9545(b). *Id.*

■■■■ ¶ 10 With respect to subsection 9545(b)(ii), "we have previously described this exception, which permits an untimely claim where 'the facts upon which the claim is predicated were unknown to the [appellant] and could not have been ascertained by the exercise of due diligence,' as an exception for after-discovered evidence." *Commonwealth v. Pursell*, 561 Pa. 214, 224, 749 A.2d 911, 916 (2000) (holding exception in 42 Pa.C.S.A. § 9545(b)(1)(ii) does not apply where appellant merely alleges more competent counsel would have brought other claims based on more thorough review of case). Thus, a claim that counsel was ineffective will not save an untimely PCRA petition. *See Commonwealth v. Gamboa–Taylor* 562 Pa. 70, 753 A.2d 780 (2000) (holding current counsel's discovery that prior counsel could have raised claim was not newly discovered "fact" that would excuse appellant's untimely filing); *Fahy, supra* (stating claim of ineffectiveness of counsel does not save otherwise untimely petition). Finally, the exceptions to the PCRA's one-year time limit require the petitioner to file his PCRA petition within sixty days of the date the claim could have first been brought. *Commonwealth v. Vega*, 754 A.2d 714, 718 (Pa.Super.2000). Thus, the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame of subsection 9545(b)(1)(ii). *Commonwealth v. Lark*, 560 Pa. 487, 492, 746 A.2d 585, 588 (2000).

Therefore, if a PCRA petition is not filed within one year of the date that the judgment of sentence becomes final; or is not eligible for one of the three limited statutory exceptions to the timeliness requirement; or is entitled to one of the exceptions, but the exception is not asserted within sixty (60) days of the date that the claim could have been brought; then the court has no jurisdiction to address the substantive merits of the petition.

*Commonwealth v. Lambert*, 765 A.2d 306, 319, 2000 PA Super 396, ¶ 21 (2000) (citing *Gamboa–Taylor, supra*).

¶ 11 In the instant case, Appellant's conviction became final on or about February 9, 1996 because he did not file a direct appeal. Thus, Appellant had one year following that date to file a timely PCRA petition. *See Fahy, supra.* Appellant filed his PCRA on April 27, 1999. Therefore, Appellant's petition is untimely on its face, unless it meets one of the enumerated exceptions of subsection 9545(b). *See Murray, supra.*

 ¶ 12 Appellant asserts that his petition meets an exception to the timeliness requirements under subsection 9545(b)(1)(ii), because he only recently discovered that his trial counsel had not filed his direct appeal.[4] Trial counsel's failure to file a direct appeal was discoverable during Appellant's one-year window to file a timely PCRA petition. In fact, the expiration of Appellant's time to file a direct appeal initiated the PCRA's one-year clock. Thus, Appellant had a full year to learn if a direct appeal had been filed on his behalf. A phone call to his attorney or the clerk of courts would have readily revealed that no appeal had been filed. Due diligence requires that Appellant take such steps to protect his own interests. *See Gamboa–Taylor, supra; Fahy, supra;* 42 Pa.C.S.A. § 9545(b)(1)(ii). The mere fact

that Appellant alleges his trial counsel was ineffective for not filing his appeal does not save his petition from the PCRA's timeliness requirements. *See Murray, supra.* Accordingly, the PCRA court lacked jurisdiction to entertain Appellant's petition for relief.[5]

¶ 13 Based upon the foregoing analysis, we conclude that Appellant's PCRA petition is untimely as it was filed more than one year from the date Appellant's conviction became final. We also conclude that, absent assertions of due diligence, the mere discovery of trial counsel's failure to file a direct appeal, after the one-year window to file a PCRA petition, does not place Appellant under subsection 9545(b)(1)(ii). Thus, we affirm the trial court's order dismissing Appellant's PCRA petition.

¶ 14 Order affirmed.

---

**4.** Appellant does not allege that his petition fits any other exception to the PCRA's timeliness requirements.

**5.** Due to our disposition of issue one, we need not address Appellant's second issue.