J-S38036-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
JONATHAN JOEL PEREIRA, :
:
Appellant : No. 181 EDA 2014

Appeal from the PCRA Order Entered November 25, 2013,
In the Court of Common Pleas of Lehigh County,
Criminal Division, at No. CP-39-CR-0000093-2011.

BEFORE: FORD ELLIOTT, P.J.E., BOWES and SHOGAN, JJ.

MEMORANDUM BY SHOGAN, J.: **FILED OCTOBER 07, 2014**

Appellant, Jonathan Joel Pereira, appeals from the denial of his second petition under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546. We affirm.

The trial court previously summarized the facts of the crime as follows:

On November 15, 2010, at approximately 3:30 p.m., Allentown police responded to the 1300 block of Turner Street in Allentown, Pennsylvania, for a report of a male firing a handgun at a group of people. Upon their arrival, the police recovered two .22 caliber shell casings in the street and a parked Kia Spectra sedan that had been shot. Witnesses reported that a male fired two shots from a handgun at a group of teenagers who were walking in that area. The group was next to the car that was shot.

On November 17, 2010, at approximately 3:30 p.m., Allentown Police and Emergency Medical Services responded to the 1400 block of Linden Street in Allentown, Pennsylvania. There, they located two gunshot victims, a fourteen year old

male student and a thirty-four year old male who lived nearby. The fourteen year old was shot once in the chest, and the older male was shot multiple times in his body and leg. Both victims underwent emergency surgery at nearby hospitals. Police searched the area and found several spent .22 caliber shell casings along with two live .22 caliber rounds. These casings were consistent with the ones police recovered at the previous incident.

On November 18, 2010, witnesses were shown a photographic array containing [Appellant]. Both witnesses independently identified [Appellant] as the actor in the latter shooting. They indicated that [Appellant] produced a large handgun from a backpack and fired a total of seven shots at the victims. Later that afternoon, police located [Appellant] and took him into custody. He was found in possession of a large-framed Smith and Wesson .22 caliber handgun in his backpack. Police also located two boxes of .22 caliber ammunition in the backpack.

Trial court opinion (suppression), 12/5/11, at 2; *see also* N.T. (guilty plea), 3/19/12, at 25–28. Appellant was charged with one count of attempted homicide, two counts of aggravated assault, and multiple firearms and related counts.

Eventually, on March 19, 2012, following denial of various pretrial motions including suppression and decertification,[1] Appellant entered a negotiated guilty plea to two counts of aggravated assault; the Commonwealth agreed "for the two counts to run concurrently and for an agreed upon minimum sentence of seven and [one-] half years. N.T. (guilty plea), 3/19/12, at 12. The trial court imposed a sentence of seven and one-

---

[1]  Upon his arrest, Appellant was three weeks away from his eighteenth birthday. Trial court opinion (suppression), 12/5/11, at 3.

half to fifteen years of imprisonment and ordered the payment of restitution. Appellant did not file a direct appeal.

On August 14, 2012, Appellant filed a Motion to Modify and Reduce Sentence, which the trial court treated as a first petition pursuant to the PCRA. The PCRA court appointed counsel, who filed an amended PCRA petition asserting claims of ineffective assistance by plea counsel. The PCRA court held an evidentiary hearing on September 20, 2012, following which the PCRA court denied the petition on November 13, 2012.

On October 29, 2013, Appellant filed the instant *pro se* PCRA petition. The PCRA court issued notice of its intent to dismiss the petition pursuant to Pa.R.Crim.P. 907 on November 5, 2013. Appellant filed a response on November 22, 2013, and the PCRA court dismissed the petition on November 25, 2013. Appellant filed a timely appeal to this Court. The PCRA court did not order Appellant to comply with Pa.R.A.P. 1925.

Appellant raises the following two issues in this appeal:

1) Whether the lower court erred in denying P.C.R.A. Relief claiming that appellant's issues concerning jurisdiction and statutory authorization?

2) Whether the lower court erred in denying P.C.R.A. Relief in the nature of a finding that the appellant was denied his constitutional right to effective assistance of counsel during appellate process?

Appellant's Brief at 2.

Our standard of review from the denial of a PCRA petition is limited to examining whether the court's determination is supported by the evidence of record and free of legal error. "This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. Further, the PCRA court's credibility determinations are binding on this Court, where there is record support for those determinations." ***Commonwealth v. Timchak***, 69 A.3d 765, 769 (Pa. Super. 2013) (quoting ***Commonwealth v. Anderson***, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. ***Commonwealth v. Murray***, 753 A.2d 201, 203 (Pa. 2000). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Nevertheless, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii),

and (iii), is met.[2]  A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2).  In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2).  **Commonwealth v. Carr**, 768 A.2d 1164, 1167 (Pa. Super. 2001).

The record reflects that Appellant did not seek review to this Court following the imposition of sentence on March 19, 2012.  Accordingly, Appellant's judgment of sentence became final on April 18, 2012, when the time for filing a notice of appeal expired.  42 Pa.C.S. § 9545(b)(3).  As noted, a PCRA petition must be filed within one year of the date that the

---

[2] The exceptions to the timeliness requirement are:

(i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

judgment of sentence becomes final, 42 Pa.C.S. § 9545(b)(1), which was April 18, 2013. As the instant PCRA petition was filed on October 29, 2013, it is patently untimely.

Appellant has failed to assert any exceptions to the PCRA time bar; indeed, he makes **no** argument concerning the timeliness of the petition. As to Appellant's allegation of counsel's ineffectiveness, our Supreme Court has made clear that an allegation of counsel's ineffectiveness cannot be invoked as an after-discovered fact to satisfy the requirements of 42 Pa.C.S.A. § 9545(b)(1)(ii). ***Commonwealth v. Bennett***, 930 A.2d 1264 (Pa. 2007). Thus, we concur with the PCRA court that this petition is untimely. Because the court below was without jurisdiction to reach the merits of the petition, we affirm.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/7/2014