J.S52042/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GEORGE DALIE | |
| Appellant | No. 1267 EDA 2014 |

Appeal from the PCRA Order April 15, 2014
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0004044-2006

BEFORE: GANTMAN, P.J., ALLEN, and FITZGERALD,[*] JJ.

DISSENTING STATEMENT BY FITZGERALD, J.:    **FILED OCTOBER 15, 2014**

I respectfully dissent. There is no dispute that Appellant filed the underlying *pro se* PCRA petition more than nine months after the PCRA's mechanical one-year time limitation expired. Contrary to the majority, however, I believe Appellant's alleged attempts to communicate with direct appeal counsel and hold counsel to his duty to convey when a petition for allowance of appeal has been denied **may** constitute reasonable efforts. **See e.g. Commonwealth v. Bennett**, 930 A.2d 1264, 1273 (Pa. 2007) (noting PCRA petitioner's writing PCRA court and Superior Court may constitute reasonable diligence); **Commonwealth v. Carr**, 768 A.2d 1164 (Pa. Super. 2001) (holding that mere allegation of counsel's ineffectiveness

_____
[*] Former Justice specially assigned to the Superior Court.

was insufficient to avoid PCRA time bar, where phone call to counsel **or** clerk of courts would have revealed counsel's failure to file appeal). Furthermore, the exercise of due diligence by a petitioner when faced with allegations of counsel's abandonment may require fact finding by the PCRA court. **See Bennett**, 930 A.2d at 1274.

Instantly, the PCRA court did not determine when Appellant attempted to communicate with counsel, when counsel responded, or if counsel failed to respond. Such facts, in my view, are critical to distinguish reasonable efforts to protect one's PCRA rights from a non-diligent discovery of the PCRA run date despite counsel's alleged abandonment during the direct appeal.[1] Therefore, I would remand for an evidentiary hearing to determine whether Appellant's facially untimely PCRA was excused by his attempts to discern when his conviction became final.

---

[1] The record establishes that direct counsel abandoned Appellant, when after requesting an extension of time, he failed to file a timely appellate brief in this Court. **See Commonwealth v. Dalie**, 2392 EDA 2007 (unpublished memorandum) (Pa. Super. Oct. 1, 2012). Appellant's PCRA petition contained further allegations, which, if true, would establish direct appeal counsel's further transgression when failing to respond to requests to inform him when his petition for allowance of appeal to the Pennsylvania Supreme Court was denied. **See** Pa.R.P.C. 1.4(a)(3)-(4) ("A lawyer shall . . . keep the client reasonably informed about the status of the matter[ and] promptly comply with reasonable requests for information."). Although the majority characterizes further proceedings as a "fishing expedition," the factual dispute relevant to a due diligence inquiry were raised in the pleadings. I further echo the view that a defendant should be entitled to one meaningful appeal of their conviction. **See Commonwealth v. Brown**, 943 A.2d 264, 272 (Pa. 2008) (Baer, J. dissenting).