J-S55038-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ANDRE ALLEN | |
| Appellant | No. 362 EDA 2014 |

Appeal from the PCRA Order January 7, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0012440-2008

BEFORE: BOWES, J., SHOGAN, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED NOVEMBER 17, 2014**

Andre Allen brings this appeal from the order entered on January 7, 2014, in the Court of Common Pleas of Philadelphia County, dismissing, as untimely, his first petition filed pursuant to Pennsylvania's Post Conviction Relief Act (PCRA).[1]   Allen argues the PCRA court erred in dismissing his petition without a hearing and contends he properly pled and would have been able to prove entitlement to PCRA relief.  Based upon the following, we affirm.

The PCRA court has aptly summarized the background of this case:

On March 20, 2009, petitioner entered a negotiated guilty plea to third degree murder and possession of an instrument of crime (PIC) [in connection with the stabbing death of Adelaide Walker. In exchange for the plea, the Commonwealth agreed not to

_____

[1] 42 Pa.C.S. §§ 9541–9546.

proceed on the charge for murder of the first degree on which Allen was originally held for court. ***See*** Guilty Plea Hearing, N.T., 3/20/2009, at 13]. In accordance with the terms of the guilty plea, this court sentenced petitioner to consecutive prison terms of twenty (20) to forty (40) years on the murder bill and two-and-a-half (2½) to five (5) years on the PIC bill.

Petitioner did not file post-sentence motions. Nor did he file a direct appeal. Instead, petitioner [mailed] a *pro se* Motion for "Reconsideration of Sentence *Nunc Pro Tunc*" [to the trial judge] on or about January 19, 2011. [1]  By letter dated January 24, 2011, this court informed petitioner that it had no jurisdiction to entertain his motion. (See attached Exhibits).

---

[1]In his motion, petitioner alleged that he had asked trial counsel to file a Motion for Reconsideration, and that counsel failed to do so. Petitioner also asked the court to consider reducing his sentence because he had "matured and grown extensively to be a productive law abiding citizen."

---

On November 14, 2011, petitioner filed a *pro se* PCRA petition. The court appointed David Rudenstein, Esq. to represent petitioner. On September 18, 2012, Mr. Rudenstein filed an Amended PCRA Petition on his client's behalf. The Commonwealth thereafter filed a Motion to Dismiss.

On January 7, 2014, after the pleadings and relevant notes of testimony, this court dismissed the PCRA petition as untimely.[2]

---

[2] The dismissal occurred no less than twenty (20) days after petitioner was served with notice of the forthcoming dismissal of his PCRA petition. See Pa.R.Crim.P. 907(a).

---

PCRA Court Opinion, 3/7/2014, at 1–2. Following the PCRA court's dismissal of his petition, Allen filed this timely appeal.[2]

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Taylor*, 67 A.3d 1245, 1248 (Pa. 2014) (quotations and citation omitted), *cert. denied*, 134 S. Ct. 2695 (2014). "The PCRA timeliness requirement, however, is mandatory and jurisdictional in nature." *Id.* (citation omitted).

All PCRA petitions must be filed within one year of the date the judgment of sentence becomes final, unless the petition alleges, and the petitioner proves, that one of the three enumerated exceptions to the time for filing requirement is met. *See* 42 Pa.C.S. § 9545(b)(1).[3] Furthermore, a PCRA petition alleging any of the exceptions under Section 9545(b)(1) must be filed within 60 days of when the PCRA claim could have first been brought. 42 Pa.C.S. § 9545(b)(2).

Allen's judgment of sentence, imposed on March 20, 2009, became final on Monday, April 20, 2009, after the expiration of the 30-day period for

---

[2] The trial court did not direct Allen to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

[3] The PCRA exceptions that allow review of an untimely PCRA petition deal with (1) governmental interference; (2) unknown facts that could not have been ascertained with the exercise of due diligence; and (3) a newly-recognized constitutional right that applies retroactively. *See* 42 Pa.C.S. § 9545(b)(1)(i)–(iii).

filing a direct appeal with this Court. ***See*** 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a). Given the PCRA one-year time limitation, Allen had until April 20, 2010, to file a timely PCRA petition. It follows that the present petition, filed on November 11, 2011, is patently untimely. Therefore, the PCRA court has no jurisdiction to review the petition unless Allen pleaded and proved a statutory exception to the time bar.

Here, Allen's amended PCRA petition includes allegations that trial counsel abandoned him by failing to file a motion to withdraw guilty plea and direct appeal as requested. These allegations implicate the PCRA's "unknown facts" exception, which applies where "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii).

Allen, however, does not disclose when or how he presumably discovered trial counsel's putative omission, but avers he "did attempt to file an appeal by sending a purported appeal to Judge Lerner on or about January 24, 2011." Allen's Amended PCRA Petition, 9/12/2012, at 2, ¶6. As such, Allen was aware of counsel's omission by January of 2011. However, he did not file his *pro se* petition until November 14, 2011, almost **ten months later**. Consequently, Allen's PCRA petition fails to satisfy the threshold requirement of Section 9545(b)(2), ***supra***, that the petition invoking an exception be filed within **60 days** of the date when the claim could have been presented. ***See Commonwealth v. Cintora,*** 69 A.3d 759,

762 (Pa. Super. 2013), *appeal denied*, 81 A.3d 75 (Pa. 2013) (petitioner must plead and prove facts that demonstrate claim was raised within sixty days of date it first could have been presented). Therefore, the petition is untimely.

In any event, even if Allen had complied with Section 9545(b)(2), Allen's petition does not satisfy Section 9545(b)(1)(ii). This exception has two components, which must be alleged and proved: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1271–1272 (Pa. 2007). With regard to the latter requirement, this Court has held "[d]ue diligence demands that the petitioner take reasonable steps to protect his own interests." ***Commonwealth v. Carr***, 768 A.2d 1164, 1168 (Pa. Super. 2001). Here, Allen has not averred any facts to explain why he could not ascertain that counsel had failed to file an appeal until January 2011, some 22 months after sentence was imposed, and nine months after the expiration of the time for filing a timely PCRA petition. To the extent that Allen relies on ***Bennett, supra***,[4] his reliance is misplaced.

In ***Bennett***, the petitioner filed an untimely second PCRA petition, contending PCRA counsel abandoned him in his appeal from the denial of

---

[4] ***See*** Allen's Brief at 8.

PCRA relief in his first, timely PCRA petition. The petitioner alleged that he had attempted to find out the status of his appeal from the PCRA and Superior Courts. *Id.*, 930 A.2d at 1272. The *Bennett* petitioner averred he did not know of counsel's failure to file an appellate brief until October 4, 2000, when the Superior Court notified him of the dismissal of his appeal. *Id.* The Pennsylvania Supreme Court held that the petitioner's allegations satisfied the requirements of Section 9545(b)(1)(ii). *Id.* Here, in contrast, Allen failed to allege any steps he took to ascertain the status of his appeal. *See Carr, supra* (stating trial counsel's failure to file a direct appeal was discoverable during one-year window to file a timely PCRA petition). Accordingly, Allen's petition fails to establish the applicability of the unknown facts exception, 42 Pa.C.S. § 9545(b)(1)(ii).

In sum, we conclude that the petition is untimely, and petitioner has failed to satisfy any exception to the PCRA time bar. Therefore, the PCRA properly concluded that it lacked jurisdiction to entertain the petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/17/2014

- 6 -