J-S72006-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEROME M. WALKER, | |
| Appellant | No. 1984 WDA 2013 |

Appeal from the PCRA Order Entered November 12, 2013
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0015481-2007

BEFORE:  BENDER, P.J.E., SHOGAN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED NOVEMBER 21, 2014**

Appellant, Jerome M. Walker, appeals from the November 12, 2013 order denying his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

Appellant was sentenced to six to twelve years' imprisonment after he was convicted, following a nonjury trial, of involuntary deviate sexual intercourse (IDSI), sexual assault, indecent assault, simple assault, and criminal conspiracy.  Appellant's convictions stemmed from his participation in the sexual assault of a female victim, T.W.  At trial, T.W. testified that at approximately 9:00 or 10:00 p.m. on September 25, 2007, she left a friend's house and was walking home when she was struck from behind with

_____

[*] Retired Senior Judge assigned to the Superior Court.

"a 'bat or metal pipe or something.'" PCRA Court Opinion (PCO), 5/16/14, at 3-4 (citing N.T. Trial, 9/16/09, at 23). T.W. fell to the ground and was attacked by three men who groped her breasts, buttocks, and in between her legs. *Id.* at 4. T.W. identified Appellant as one of her attackers, and testified that during the assault, Appellant "pulled her head back and placed his penis in her mouth." *Id.* T.W. bit down and, at the same time, a spotlight in the area came on, causing Appellant and his cohorts to flee. *Id.* Appellant was later apprehended and, when interviewed by police, he stated that "[h]e and his boys were all over that bitch, and she deserved what she got[.]" *Id.* at 6. Appellant followed that comment with the statement, "I'm just funning with all you[.]" *Id.*

Following his conviction and sentencing, Appellant filed a direct appeal. This Court affirmed his judgment of sentence on July 26, 2011, and our Supreme Court denied his subsequent petition for allowance of appeal on January 18, 2012. *Commonwealth v. Walker*, 32 A.3d 282 (Pa. Super. 2011) (unpublished memorandum), *appeal denied*, 37 A.3d 1195 (Pa. 2012). On March 12, 2012, Appellant filed a timely *pro se* PCRA petition and counsel was appointed. Pertinent to the instant appeal, Appellant claimed in his petition that he "was entitled to a new trial based on after-discovered evidence in that an alibi witness, [Daric Anderson,] who was unavailable at trial, became available…." PCO at 3.

A PCRA hearing was conducted on September 27, 2013, at which Appellant called Anderson to the stand. The PCRA court summarized the relevant portions of Anderson's testimony as follows:

> Anderson testified that on the night of the sexual assault [of T.W.], he and [Appellant] were in his apartment watching television, going outside occasionally to smoke cigarettes. He stated that between 10:00 p.m. and 10:30 p.m., he went into the apartment and when he returned outside, [he] observed [Appellant], an individual by the name of Antoine Dean, an unidentified man and an unidentified woman arguing. [Anderson] stated that the police were present at that time and he spoke with them. He said that Dean then left their company but [Anderson] and [Appellant] stayed together the rest of the night. He said that the police returned the next day, accused him and [Appellant] of committing a rape, and arrested [Appellant].

PCO at 6-7 (citations to the record omitted).

Ultimately, the PCRA court issued an order denying Appellant's petition. Appellant filed a timely notice of appeal, and presents one question for our review:

> I. Whether Appellant proved, by a preponderance of the evidence, the four factors set forth in **Commonwealth v. D'Amato**, 579 Pa. 490, 856 A.2d 806 (Pa. 2004), controlling post-conviction relief for claims of after-discovered witnesses?

Appellant's Brief at 4.

Our standard of review regarding an order denying post-conviction relief under the PCRA is whether the determination of the court is supported by the evidence of record and is free of legal error. **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007). This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings

- 3 -

merely because the record could support a contrary holding. ***Commonwealth v. Touw***, 781 A.2d 1250, 1252 (Pa. Super. 2001). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001).

The PCRA provides post-conviction relief for petitioners who prove that their conviction resulted from "[t]he unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S. § 9543(a)(2)(vi). As Appellant acknowledges, in ***D'Amato*** our Supreme Court set forth the following test for proving an after-discovered evidence claim under section 9543(a)(2)(vi):

> To obtain relief based upon newly-discovered evidence under the PCRA, a petitioner must establish that: (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict.

***D'Amato***, 856 A.2d at 823-24 (citations omitted).

In this case, the PCRA court concluded that Appellant failed to satisfy the fourth prong of the above-stated test.[1] Specifically, the court found that

---

[1] The PCRA court also determined that Anderson's testimony could have been presented at trial had Appellant exercised reasonable diligence. We need not address the court's assessment in this regard because, for the reasons stated *infra*, we ascertain no error in the court's conclusion that
*(Footnote Continued Next Page)*

Anderson's alibi testimony was not credible and would not likely have compelled a different verdict. The court explained:

> Anderson was not a credible witness at the PCRA hearing. Moreover, the "alibi" he would have provided was profoundly weak. It actually placed [Appellant] approximately one block from where the [assault of T.W.] occurred at the time it occurred. The apartment where Anderson claimed he and [Appellant] were, between 10:00 and 10:30 [on] the night of September 2[5], 2007, was, according to the trial testimony of Carnegie Police Officer Scott Schmeltz, approximately one block from where the victim was assaulted. [Moreover,] [Anderson's] testimony as to the time he and [Appellant] encountered the police, … was contrary to the trial testimony of the police officer who responded to that disturbance. Officer [] Schmeltz stated that he was dispatched to 432 Broadway at 11:45 [p.m.], where he encountered [Appellant], Anderson and another male. Anderson claimed at the PCRA hearing that the police [officer] came there between 10:00 and 10:30 [p.m.] In addition, Anderson's testimony placing [Appellant] with him when the assault occurred was contradicted by the victim who positively identified [Appellant] as one of her assailants. Finally, [Appellant's] own inculpatory statement contradicted Anderson's claim that he and [Appellant] were together and somewhere other than where the victim was attacked.

PCO at 8-9.

Clearly, the PCRA court heard and considered Anderson's alibi testimony, deemed it incredible, and concluded that it would not likely have compelled a different verdict had it been presented at Appellant's trial. Because the record supports the PCRA court's credibility determination, we must defer to it on appeal. *See Commonwealth v. Fiore*, 780 A.2d 704,

_(Footnote Continued)_ ─────────────────

Appellant failed to satisfy the fourth prong of the after-discovered evidence test.

704, 712 (Pa. Super. 2001) ("Where the record supports the credibility determination of the post-conviction court, the reviewing court is to defer to that determination."). Accordingly, the court did not err in denying Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/21/2014