J-S46043-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                               :            PENNSYLVANIA
                               :
            v.                 :
                               :
                               :
                               :
CHARLES BRANTLEY ROSS          :
                               :
           Appellant           :   No. 1030 WDA 2025

Appeal from the PCRA Order Entered July 9, 2025
In the Court of Common Pleas of Indiana County Criminal Division at
No(s):  CP-32-CR-0000827-2021

BEFORE:  BOWES, J., NICHOLS, J., and KING, J.

MEMORANDUM BY KING, J.:                **FILED:  February 19, 2026**

Appellant, Charles Brantley Ross, appeals from the order entered in the Indiana County Court of Common Pleas, which dismissed as untimely his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this matter are as follows. On December 20, 2022, a jury convicted Appellant of aggravated assault and resisting arrest, and the trial court convicted Appellant of public drunkenness and disorderly conduct.  On January 20, 2023, the court sentenced Appellant to an aggregate term of 18 months to 5 years of incarceration.  On January 27, 2023, Appellant filed a post-sentence motion, which the trial court denied on April 24, 2023 (with notice sent April 26, 2023).  Appellant did not file a direct appeal.

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

On December 20, 2024, Appellant filed a *pro se* PCRA petition, requesting that the court restore his direct appeal rights *nunc pro tunc*. The court appointed counsel, who filed an amended petition. On July 2, 2025, the court held an evidentiary hearing on Appellant's petition. At the hearing, Appellant claimed that he had written several letters to trial counsel, requesting that counsel file an appeal. Trial counsel did not testify at the hearing. On July 9, 2025, the court entered an order denying the petition as untimely filed. On August 1, 2025, Appellant timely filed a notice of appeal and a contemporaneous Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

On appeal, Appellant raises the following issue for our review:

> I. Whether the [PCRA] Court erred in finding that the Appellant's third PCRA Petition was not timely filed?[2]

(Appellant's Brief at 4).

The timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Zeigler**, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the

---

[2] The word "third" in Appellant's statement of questions presented appears to be a typographical error. The record reflects that the instant PCRA was Appellant's first.

United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

To obtain merits review of a PCRA petition filed more than one year after the judgment of sentence became final, the petitioner must allege and prove at least one of the three timeliness exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). As well, "[a]ny petition invoking an exception…shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

To meet the "newly-discovered facts" timeliness exception set forth in Section 9545(b)(1)(ii), a petitioner must demonstrate that "he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa.Super. 2015), *appeal denied*, 633 Pa. 761, 125 A.3d 1197 (2015). Due diligence requires the petitioner to take reasonable steps

to protect his own interests. ***Commonwealth v. Carr***, 768 A.2d 1164 (Pa.Super. 2001). A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence; this rule is strictly enforced. ***Commonwealth v. Monaco***, 996 A.2d 1076 (Pa.Super. 2010), *appeal denied*, 610 Pa. 607, 20 A.3d 1210 (2011). However,

> it does not require perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances to uncover facts that may support a claim for collateral relief. As such, the due diligence inquiry is fact-sensitive and dependent upon the circumstances presented.

***Commonwealth v. Brensinger***, 218 A.3d 440, 447-48 (Pa.Super. 2019) (*en banc*) (citations and quotations omitted).

Instantly, Appellant's judgment of sentence became final on May 26, 2023, at the expiration of his time to file a direct appeal. ***See*** Pa.R.A.P. 903; Pa.R.Crim.P. 720. ***See also*** 42 Pa.C.S.A. § 9545(b)(3). As such, Appellant had one year thereafter to timely file a PCRA petition. Appellant's current petition filed on December 20, 2024, is patently untimely.

On appeal, Appellant attempts to invoke the newly-discovered facts exception to the PCRA's jurisdictional time bar. Appellant asserts that once he became aware that counsel had not filed the requested appeal on his behalf following the denial of his post-sentence motions, Appellant filed his *pro se*

PCRA petition.[3]

Additionally, Appellant relies on *Commonwealth v. Burton*, 638 Pa. 687, 158 A.3d 618 (2017), to afford him relief. In *Burton*, our Supreme Court held that the "public record presumption" (previously providing that information of public record cannot be "unknown" for purposes of the newly-discovered facts exception) does not apply to *pro se* incarcerated PCRA petitioners. Nevertheless, *Burton* did not relieve a PCRA petitioner of the obligation to exercise due diligence. *See id.* at 719-20, 158 A.3d at 638. Specifically, the Supreme Court observed:

> [C]onsistent with the statutory language, in determining whether a petitioner qualifies for the exception to the PCRA's time requirements pursuant to subsection 9545(b)(1)(ii), the PCRA court must first determine whether "the facts upon which the claim is predicated were unknown to the petitioner." In some cases, this may require a hearing. After the PCRA court makes a determination as to the petitioner's knowledge, it should then proceed to consider whether, if the facts were unknown to the petitioner, the facts could have been ascertained by the exercise of due diligence, including an assessment of the petitioner's access to public records.

*Id.* (internal footnote omitted).

Instantly, the PCRA court explained:

> The [c]ourt received testimony from [Appellant]. [Appellant] stated that following this [c]ourt's denial of his

---

[3] Appellant incorrectly asserts that he filed his petition six months after his judgment of sentence became final. We repeat that Appellant's judgment of sentence became final on May 26, 2023. Thus, Appellant filed his PCRA petition more than six months after the **expiration of time to file a timely PCRA petition**.

- 5 -

… Post Sentence Motion, he informed trial counsel, Michael P. Smith, that he wanted to file an appeal to the Pennsylvania Superior Court.

[Appellant] also testified that he was incarcerated in three different State Correctional Institutions; he was incarcerated at SCI Camp Hill for approximately [4] months, at SCI Chester for approximately [12] months, and at SCI Dallas for approximately [6] months.

[Appellant] testified that he "stumbled across" an individual at SCI Dallas who was willing and able to assist him in preparing the Motion for Post Conviction Collateral Relief filed on December 20, 2024.

He stated that he learned of the Post Conviction Relief Act in or about November of 2024. He then stated that the individual he met did all of the leg work and writing for the PCRA submission filed on December 20, 2024.

(**See** PCRA Court Order and Opinion, 7/9/25, at 6-8). Ultimately, the court concluded that Appellant had failed to establish a timeliness exception.[4]

The record supports the PCRA court's determination. Here, the record demonstrates that Appellant did not exercise due diligence in attempting to discover whether counsel had filed an appeal on his behalf. At the PCRA hearing, Appellant's explanation for his delay in filing was his lack of legal knowledge regarding the PCRA. (**See** N.T. Hearing, 7/2/25, at 9-10). Appellant claimed that he wrote to the trial court "maybe once about appealing or something" and to the Clerk of Courts about "ineffective counsel." (**See id.** at 10). The record contains pro se correspondence from Appellant dated May 20, 2024—just days before the one-year deadline to file a timely PCRA petition

---

[4] The PCRA court did not elaborate on this decision but, presumably, found that Appellant had failed to exercise due diligence.

had expired—in which Appellant stated that he had attempted to contact trial counsel "many times asking for help" regarding his attempt to appeal his sentence and requested transcripts so that he could challenge his sentence. (**See** *Pro Se* Correspondence, 5/20/24).

However, Appellant has failed to explain why he did not act until almost a year after his judgment of sentence became final, particularly when he wished to file an appeal and, based upon the text of his correspondence, was presumably aware that counsel had not done so. **See Commonwealth v. Carr**, 768 A.2d 1164, 1168 (Pa.Super. 2001) (observing that appellant failed to exercise due diligence over course of one year by calling attorney or clerk of courts to determine whether direct appeal had been filed).

On this record, Appellant has not established that he exercised the required due diligence in determining whether counsel had failed to file an appeal on his behalf. **See Brensinger, supra**; **Monaco, supra**; **Carr, supra**. Therefore, Appellant's claim does not satisfy the newly-discovered fact exception to the PCRA time bar. **See Brown, supra**. Consequently, Appellant's current PCRA petition remains time barred. **See Zeigler, supra**. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE:  2/19/2026