J-S72028-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TRAVIS JOHNSON, | : | |
| | : | |
| Appellant | : | No. 708 WDA 2014 |

Appeal from the PCRA Order Entered April 8, 2014,
In the Court of Common Pleas of Erie County,
Criminal Division, at No. CP-25-CR-0003571-2012.

BEFORE:  BENDER, P.J.E., SHOGAN, J., and STRASSBURGER, J.*

MEMORANDUM BY SHOGAN, J.:                 **FILED DECEMBER 02, 2014**

Travis Johnson ("Appellant") appeals from the order denying his petition for relief filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541–9546.  We affirm.

On the eve of trial, Appellant entered a no-contest plea to various drug charges.  Although he received written and oral notice of his sentencing date, Appellant failed to appear and was sentenced *in absentia* on June 25, 2013, to incarceration for an aggregate term of 126 to 252 months.  Having missed his direct-appeal period while a fugitive, Appellant filed a *pro se* PCRA petition in which he asserted claims of ineffective assistance of counsel.  Petition, 11/15/13.  The PCRA court appointed counsel, who filed a supplemental PCRA petition on January 17, 2014.  After the Commonwealth filed a response to the supplemental petition on February 12, 2014, the

_____
*Retired Senior Judge assigned to the Superior Court.

PCRA court filed a notice of intent to dismiss Appellant's petition on February 26, 2014. Appellant filed a response, proffering after-acquired information of an exculpatory witness named Scott Hoag. Response to Notice of Intent, 3/31/14. After reviewing Appellant's response, the PCRA court entered a final order of dismissal on April 8, 2014. This appeal followed, wherein Appellant presents a single issue for review: "[Whether t]he PCRA Court erred in denying [Appellant's] PCRA petition where he argued that he was forced to enter a plea because his trial counsel was not prepared and, specifically, had not secured certain witnesses on [Appellant's] behalf." Appellant's Brief at 1.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. *Commonwealth v. Phillips*, 31 A.3d 317, 319 (Pa. Super. 2011) (citing *Commonwealth v. Berry*, 877 A.2d 479, 482 (Pa. Super. 2005)). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Phillips*, 31 A.3d at 319. (citing *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001)).

Appellant complains that trial counsel was ineffective for failing to call witnesses, failing to explain the ramifications of entering a plea, and failing to file a motion to withdraw the no-contest plea. Appellant's Brief at 3. In

response, the Commonwealth contends that, despite Appellant's current protestations, his plea was knowing, intelligent, and voluntary, and his counsel was not ineffective. Commonwealth's Brief at 3–4.

A PCRA petitioner may be entitled to relief if the petitioner pleads and proves facts establishing ineffectiveness of prior counsel. 42 Pa.C.S. § 9543(a)(2)(ii).

> To establish ineffectiveness, a petitioner must plead and prove the underlying claim has arguable merit, counsel's actions lacked any reasonable basis, and counsel's actions prejudiced the petitioner. Counsel's actions will not be found to have lacked a reasonable basis unless the petitioner establishes that an alternative not chosen by counsel offered a potential for success substantially greater than the course actually pursued. Prejudice means that, absent counsel's conduct, there is a reasonable probability the outcome of the proceedings would have been different. The law presumes counsel was effective.
>
> Moreover, in the particular context of the alleged failure to call witnesses, counsel will not be deemed ineffective unless the PCRA petitioner demonstrates: (1) the witness existed; (2) the witness was available; (3) counsel knew of, or should have known of the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony was so prejudicial to petitioner to have denied him or her a fair trial.

***Commonwealth v. Miner***, 44 A.3d 684, 687 (Pa. Super. 2012) (internal citations omitted).

Here, the PCRA court disposed of Appellant's challenges with the following analysis:

> A review of the trial transcript indicates [Appellant's] plea was entered on the eve of trial and was voluntary and knowing.

Further, having been given written and oral notice of his sentencing date, [Appellant] failed to appear and was a fugitive from justice and had to be picked up on a bench warrant. At no time during this process did [Appellant] raise the issue of the voluntariness of his plea.

As to the failure of counsel to secure witnesses, as the Commonwealth points out, the only witness identified and proposed testimony described was in fact in the courtroom at the time of the scheduled trial, and [Appellant's] subsequent plea.

PCRA Notice of Intent to Dismiss, 2/26/14, at 1.

In consideration of Appellant's after-acquired evidence, the PCRA court further opined as follows:

[Appellant] now presents a signed statement by a Scott Hoag, a convicted drug dealer, which sets forth that one Byron Smith in December 2012 told Hoag that all of "his meth making stuff…" that the police found at his girlfriend's house "all belonged to someone else". This cannot be grounds for [Appellant's] allegation that counsel did not subpoena witnesses for trial since there is no contention that counsel was ever informed of Mr. Hoag or this alleged testimony.

Further, if the statement by Smith was made in December of 2012, [Appellant] has not set forth when he learned of this information and why it took over a year to do so. Also, there is nothing contained in the statement to tie this particular information to [Appellant] or his case.[1] Lastly, the statement is not sworn to or notarized. Nor has it been set forth that the witness is available and willing to testify. In any event, this witness is irrelevant since he was not available at the time of [Appellant's] plea (or trial) as he was unknown to [Appellant] or counsel at that time. [Appellant] pled guilty voluntarily, knowingly, and under oath. He did not file a motion to withdraw his plea either before or after his sentencing but rather absconded, fleeing the jurisdiction. Based on [Appellant's] contentions, the facts of record, and the applicable law, [Appellant] is not now entitled to a PCRA hearing or relief.

-4-

> [1] In fact, Byron Smith was a named co-conspirator with [Appellant] and charged with similar offenses. He had already pled guilty at docket 3563-2012 to Possess of Red Phos, etc, with Intent to Manufacture a Controlled Substance, the most serious charge on March 19, 2013 and on May 29, 2013, sentenced to 8 to 16 months [of] incarceration followed by 24 months' probation. So there was no question that Mr. Smith, while he may have implicated [Appellant] had there been a trial, would not (and could not in light of his plea) have set forth as Mr. Hoag claimed, "that it all belonged to someone else, so he could not be charged with any of it".

PCRA Final Order, 4/8/14, at 1–2.

Our review of the record discloses no basis for disturbing the PCRA court's determination. Although Appellant pleads that counsel was ineffective for not securing witnesses and for not informing Appellant that he could withdraw his plea, Appellant has failed to prove the underlying claims.

In his PCRA petition, Appellant identified two witnesses who, he claims, were present at his plea hearing and willing to testify. Petition, 11/15/13, at 5–6. In his response to the PCRA court's notice of intent to dismiss, Appellant identified Scott Hoag and provided his statement of February 24, 2014, as exculpatory evidence. Response to Notice of Intent, 3/31/14, at 1 and Attachment. Yet, nothing in the record indicates that counsel knew, or should have known, of the existence of these witnesses. Moreover, at the plea hearing, the trial court gave Appellant multiple

opportunities to enter a no-contest plea or proceed to trial.[1]  Each time, with two of his proffered witnesses in court, Appellant chose to plead no-contest. N.T., 5/13/13, at 13–14.  As for Mr. Hoag, Appellant did not indicate in his

---

[1] When Appellant indicated to the trial court that he "was kind of forced into pleading no-contest," the following exchange ensued:

> THE COURT:  Like I said, you don't have to plead.  We have a jury ready.  The Commonwealth is ready to proceed to trial.  They have their witnesses, and this is the time that has been scheduled for trial.
>
> [APPELLANT]:  I'm pleading no-contest, your Honor, just to cooperate with everybody, and they said this is probably the best thing to do.  But I just want you to know that I'm not guilty of all them things that they're telling me, but I will plead no-contest.
>
> THE COURT:  Well, look, nobody can force you to plead no-contest, number 1.  And, number 2, the decision has to be yours and yours alone.  So if you want to plead no-contest, that's up to you.  If you want to go to trial, that's up to you.  But today's the day and now is the time for that decision.  So what do you want to do?
>
> [APPELLANT]:  No-contest, your Honor.
>
> THE COURT:  All right.  Now, do you understand that you can't come back at a later time and say, somebody forced me to plead, or somebody made me plead, or I didn't want to plead, this is the time.  If you want to go to trial, it's now.  If you want to plead no-contest, that's now.   But either way, it's your decision and the final decision is yours and yours alone.  Do you want to plead no-contest at this time, or do you want to go to trial?
>
> [APPELLANT]:  No-contest, your Honor.

*Id.* at 14–15.

response if this witness was available and willing to testify for the defense. Nor did Appellant explain why he waited more than a year to disclose the substance of Mr. Hoag's prison conversation in December 2012.

Finally, we consider Appellant's argument that "counsel should have known that he wished to withdraw his plea based upon the fact that his plea was entered only after a discussion on the record which included his implication that he was reluctant to enter the plea" to be specious. Appellant's Brief at 3. Appellant acknowledged orally before the trial court and in writing that he understood his right to a jury trial, the Commonwealth's factual allegations, and the maximum sentences. N.T., 5/13/13, at 2–14, Statement of Understanding of Rights. Appellant also acknowledged that entry of a no-contest plea precluded any future challenge that he "made a mistake" or "didn't want to plead, or . . . any other excuse for pleading" no-contest. *Id.* at 13–14. Nothing in the record indicates that Appellant was reluctant to enter a plea. Indeed, "to cooperate with everybody" and because it was "the best thing to do," Appellant chose to enter the no-contest plea after declining several opportunities from the trial court not to plead, but to summon the waiting jury and proceed with the scheduled trial. *Id.*

In sum, Appellant's underlying claims that counsel failed to secure witnesses and failed to inform Appellant that he could withdraw his plea lack

merit. Based upon this record, we agree with the PCRA court that Appellant's plea was knowing, intelligent, and voluntary and that counsel was not ineffective. The record supports the PCRA court's determination, and its determination is free of legal error. Thus, we affirm the order denying collateral relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/2/2014