J-S65014-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,     IN THE SUPERIOR COURT OF PENNSYLVANIA

Appellee

v.

JAMIL THOMAS,

Appellant     No. 2528 EDA 2014

Appeal from the PCRA Order Entered July 21, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1003182-2003

BEFORE: BENDER, P.J.E., SHOGAN, J., and JENKINS, J.

MEMORANDUM BY BENDER, P.J.E.:     **FILED NOVEMBER 12, 2015**

Appellant, Jamil Thomas, appeals from the July 21, 2014 order denying his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

A detailed recitation of the facts of Appellant's case is not necessary to assess the single issue he presents on appeal. However, we note the following procedural history of his case. In December of 2004, Appellant was convicted by a jury of first-degree murder, and other related offenses, stemming from the shooting death of Darnell Clark, which occurred when Appellant was 15 years old. For his murder conviction, Appellant received a mandatory sentence of life imprisonment, without the possibility of parole. Appellant filed a timely direct appeal, and this Court affirmed his judgment of sentence after concluding that he had waived all claims by not filing a

timely Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. *Commonwealth v. Thomas*, No. 880 EDA 2005, unpublished memorandum at 3-4 (Pa. Super. filed February 12, 2007). On July 17, 2008, our Supreme Court denied Appellant's petition for allowance of appeal. *See Commonwealth v. Thomas*, 954 A.2d 577 (Pa. 2008).

Thereafter, Appellant filed a timely PCRA petition seeking the reinstatement of his direct appeal rights. That petition was granted, and Appellant filed a *nunc pro tunc* direct appeal with this Court on December 28, 2009. On September 28, 2010, this Court once again affirmed Appellant's judgment of sentence, after which our Supreme Court denied his subsequent petition for allowance of appeal. *Commonwealth v. Thomas*, 13 A.3d 996 (Pa. Super. 2010) (unpublished memorandum), *appeal denied*, 24 A.3d 864 (Pa. 2011).

On January 3, 2012, Appellant filed a timely, *pro se* PCRA petition underlying the present appeal. Counsel was appointed and filed an amended petition on Appellant's behalf on April 1, 2014.[1] Therein, Appellant maintained that his mandatory term of life imprisonment, imposed for an offense he committed as a juvenile, is illegal pursuant to the Supreme Court

---

[1] The record indicates that the delay in counsel's filing of Appellant's amended petition occurred because counsel initially filed a petition to withdraw from representing Appellant. However, after Appellant responded to the petition to withdraw, counsel changed course and filed an amended petition on Appellant's behalf.

of the United States' decision in **Miller v. Alabama**, 132 S.Ct. 2455 (2012) (holding that mandatory life imprisonment without parole for those who are under 18 at the time of their crimes violates the Eighth Amendment's prohibition on cruel and unusual punishment). **See** Memo in Support of Amended Petition, 4/1/14, at 4 (unnumbered). However, Appellant acknowledged that our Supreme Court held in **Commonwealth v. Cunningham**, 81 A.3d 1 (Pa. 2013), that the rule announced in **Miller** does not apply retroactively to cases on collateral review. **Id.** Appellant conceded that the PCRA court could not afford him relief in light of **Cunningham**, but stated that he was nevertheless asserting a challenge to his sentence premised on **Miller** in order "to preserve the issue pending further decisions of our state and/or federal courts." **Id.**

On June 23, 2014, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. Appellant filed a *pro se* response to that notice, but on July 21, 2014, the court issued an order dismissing his petition. In an opinion accompanying that order, the PCRA court concluded that pursuant to **Cunningham**, Appellant was not entitled to retroactive application of **Miller** on collateral review. **See** PCRA Court Opinion, 7/21/14, at 2.

Appellant filed a timely notice of appeal. The PCRA court did not direct him to file a Rule 1925(b) concise statement of errors complained of on appeal. Herein, he presents one question for our review: "Did the PCRA court err when it denied [Appellant] relief on his amended post[-]conviction

petition where [Appellant] was seeking a new sentencing hearing as he was a juvenile who had been given a life sentence? Appellant's Brief at 3 (unnecessary capitalization omitted).

Our standard of review regarding an order denying post conviction relief under the PCRA is whether the determination of the court is supported by the evidence of record and is free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding. *Commonwealth v. Touw*, 781 A.2d 1250, 1252 (Pa. Super. 2001). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001).

In Appellant's brief, he reiterates that his sentence is unconstitutional under *Miller*, but again states that *Cunningham* precludes him from obtaining relief on collateral review. *See* Appellant's Brief at 8-9. Appellant also reiterates that he is presenting this challenge to his sentence in order "to preserve the issue…." *Id.* at 8.

We conclude that the PCRA court did not err in determining that, pursuant to *Cunningham*, the rule expressed in *Miller* does not apply retroactively to Appellant's case, where his judgment of sentence became final prior to *Miller*'s issuance, and he offers no novel arguments regarding *Miller*'s retroactivity. *See Cunningham*, 81 A.3d at 11 ("[N]othing in

Appellant's arguments persuades us that *Miller*'s proscription of the imposition of mandatory life-without-parole sentences upon offenders under the age of eighteen at the time their crimes were committed must be extended to those whose judgments of sentence were final at the time of *Miller*'s announcement.").[2]

However, we point out that the Supreme Court of the United States recently granted a petition for *writ of certiorari* in *Montgomery v. State of Louisiana*, 135 S.Ct. 1546 (2015), in which the Court may decide the issue of whether *Miller* adopted a new substantive rule that applies retroactively

_____

[2] Notably, the *Cunningham* Court did not decide whether *Miller's* holding qualifies as a watershed rule of criminal procedure, satisfying the second exception to the general rule of non-retroactivity delineated in *Teague v. Lane*, 489 U.S. 288 (1989) (plurality). *See Cunningham*, 81 A.3d at 10 (declining to assess the second *Teague* exception because the appellant did "not develop[] his argument in such terms"). Additionally, both the *Cunningham* Majority, as well as Justice Castille in his concurring opinion, acknowledged that the Court did not address whether there is a basis under Pennsylvania constitutional law to afford a broader retroactive application to *Miller*. *See Cunningham*, 81 A.3d at 9, 13, 17-18 (Castille, J., concurring). Indeed, our Court has recognized that retroactivity arguments premised upon state law – raised in a timely PCRA petition - are not foreclosed by *Cunningham* and could be considered by this Court. *See Commonwealth v. Seskey*, 86 A.3d 237, 243 (Pa. Super. 2014) (noting that while the appellant's attempts to circumvent *Cunningham* based upon Pennsylvania state constitutional law "someday may require consideration by our courts," we did not have jurisdiction to examine those claims because they were raised in an untimely PCRA petition). Here, however, Appellant does not raise any of the above-mentioned arguments on appeal, and he also did not assert such arguments before the PCRA court. Therefore, *Cunningham* forecloses Appellant from obtaining retroactive application of *Miller*.

on collateral review. If the Supreme Court ultimately holds in **Montgomery** that **Miller** does apply retroactively, Appellant may seek relief by filing a PCRA petition within 60 days of **Montgomery**'s issuance, asserting the applicability of the PCRA timeliness exception set forth in 42 Pa.C.S. § 9545(b)(1)(iii) (excepting a PCRA petition from the one-year timeliness requirement where the petitioner proves that "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/12/2015