J-S43015-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA

Appellee

v.

MIGUEL ANGEL PAGAN

Appellant

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 2141 MDA 2015

Appeal from the PCRA Order November 4, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0001452-2012;
CP-36-CR-0001508-2012

BEFORE:  GANTMAN, P.J., PANELLA, J., and JENKINS, J.

JUDGMENT ORDER BY GANTMAN, P.J.:

Appellant, Miguel Angel Pagan, appeals *pro se* from the order entered in the Lancaster County Court of Common Pleas, which denied his untimely first petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  On August 15, 2012, Appellant entered a negotiated guilty plea to three counts of involuntary deviate sexual intercourse, and two counts each of statutory sexual assault, unlawful contact with a minor, and corruption of minors, in connection with Appellant's unlawful contact with the 15-year-old Victim between November 25, 2011 and February 10, 2012.  The court sentenced Appellant that day in accordance with the terms of the negotiated plea agreement to an aggregate term of 8-16 years' imprisonment.  Appellant did not pursue direct review. On June 22, 2015, Appellant filed an untimely first PCRA petition *pro se*.

The court appointed counsel, who filed a motion to withdraw and accompanying "no-merit" letter on August 27, 2015.[1]  On August 31, 2015, Appellant filed a *pro se* "amended" PCRA petition, which the court forwarded to counsel.[2]  On October 16, 2015, the court issued appropriate notice per Pa.R.Crim.P. 907; Appellant responded *pro se* on November 2, 2015.  That day, the court granted counsel's request to withdraw and denied PCRA relief.  Appellant timely filed a *pro se* notice of appeal on December 2, 2015.  On December 9, 2015, the court ordered Appellant to file a concise statement of errors per Pa.R.A.P. 1925(b); Appellant timely complied on December 28, 2015.

The timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Robinson***, 12 A.3d 477 (Pa.Super. 2011).  A PCRA petition must be filed within one year of the date the underlying judgment becomes final; a judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review.  42 Pa.C.S.A. § 9545(b)(1), (3).  The statutory exceptions to the timeliness provisions allow for very limited circumstances under which the late filing of a petition will be excused; a petitioner asserting an exception must file a petition within 60 days of the date the claim could have been presented.  ***See*** 42 Pa.C.S.A. §

_____

[1] ***See Commonwealth v. Turner***, 518 Pa. 491, 544 A.2d 927 (1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[2] The amended PCRA petition is not in the certified record.

9545(b)(1-2). The timeliness exception at Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. *Commonwealth v. Bennett*, 593 Pa. 382, 930 A.2d 1264 (2007). Due diligence demands that the petitioner take reasonable steps to protect his own interests. *Commonwealth v. Carr*, 768 A.2d 1164 (Pa.Super. 2001).

Instantly, Appellant's judgment of sentence became final on September 14, 2012, upon expiration of the time for filing a notice of appeal to this Court. *See* Pa.R.A.P. 903(a) (explaining notice of appeal shall be filed within 30 days after entry of order or judgment from which appeal is taken). Appellant filed the current PCRA petition on June 22, 2015, which is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). Nevertheless, Appellant attempts to invoke the "new facts" exception to the PCRA time-bar at Section 9545(b)(1)(ii). Specifically, Appellant relies on an affidavit from Victim, stating her relationship with Appellant was consensual; and she wanted to testify on Appellant's behalf had the case proceeded to trial, or at the sentencing hearing, but counsel failed to consider her as a witness. Appellant also relies on an affidavit from Victim's mother discussing Appellant's peaceful and good reputation in the community, which purportedly bolsters Appellant's averment that his relationship with Victim was consensual. Assuming without deciding that Appellant met the 60-day rule by filing his PCRA petition within 60 days of receiving these affidavits in

late May 2015, Appellant still fails to explain why he could not have discovered the facts alleged in the affidavits sooner with the exercise of due diligence. *See Bennett, supra*; *Carr, supra*. Therefore, Appellant cannot satisfy the "new facts" exception, and his petition remains untimely. *See* 42 Pa.C.S.A. § 9545(b)(1)(ii). Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/17/2016