J-S51006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAMONT CAMPFIELD, | : | |
| | : | |
| Appellant | : | No. 2833 EDA 2017 |

Appeal from the PCRA Order August 17, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0630421-1991

BEFORE:  DUBOW, J., NICHOLS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.:                    **FILED OCTOBER 23, 2018**

Appellant, Lamont Campfield, appeals from the Order dismissing his sixth Petition, filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, as untimely.  We affirm.

On April 28, 1992, a jury convicted Appellant of five crimes, including Second-Degree Murder, and the court subsequently sentenced him to a term of life imprisonment.  This Court affirmed Appellant's Judgment of Sentence on September 29, 1997.[1]  Appellant did not seek review with the Pennsylvania Supreme Court.  Thus, Appellant's Judgment of Sentence became final on October 29, 1997.[2]

_____

[1] **_Commonwealth v. Campfield_**, 704 A.2d 1115 (Pa. Super. 1997).

[2] **_See_** Pa.R.A.P. 1113 (requiring an appeal from the Superior Court to be filed with the Supreme Court within 30 days of the entry of the Superior Court's

Appellant subsequently filed PCRA Petitions in 1999, 2004, 2006, 2010, and 2012, none of which garnered relief.[3] Appellant filed the instant *pro se* Petition, his sixth, on April 20, 2016, followed by a *pro se* Supplemental Petition on February 2, 2017. The court issued a Pa.R.Crim.P. 907 Notice, to which Appellant filed a response. The PCRA court dismissed Appellant's Petition on July 24, 2017. This appeal followed.

Appellant presents the following issues for our review:

1. Whether the PCRA court erred [when it dismissed] Appellant's PCRA petition without a hearing, where Appellant invoked an exception under 42 Pa. C.S. § 9545(b)(1)(ii) and 42 Pa. C.S. § 9545(b)(2)?

2. Whether Appellant was denied effective assistance of counsel and a fair trial, pursuant to **Commonwealth v. Pierce**, 527 A.2d 973 (Pa. 1987); **Commonwealth v. Bennett**, 930 A.2d 1264 (Pa. 2007); [and] **Strickland v. Washington**, 466 U.S. 668 ([] 1984)?

3. Whether a miscarriage of justice occurred where the lower court erred in failing to instruct the jury of a complete **Kloiber** charge?[4]

---

order); 42 Pa.C.S. § 9545(b)(3) (judgment of sentence becomes final at the conclusion of direct review or the expiration of time for seeking the review)

[3] This Court affirmed the PCRA court's dismissal of Appellant's 1999, 2006, and 2012 petitions. Appellant did not appeal his 2004 or 2010 petitions to this Court.

[4] After raising this issue, Appellant does not discuss or argue it at any point thereafter. Thus, even if an exception to the PCRA's time bar did apply, Appellant has waived this claim. **See Commonwealth v. Perez**, 93 A.3d 829, 838 (Pa. 2014) (finding that claims failing to advance developed argument or cite supporting authorities and record are waived).

Appellant's Brief at 4.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). Before addressing the merits of Appellant's claims, however, we must first determine whether we have jurisdiction to entertain the underlying PCRA Petition.

Under the PCRA, any petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A Judgment of Sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a PCRA court may not address the merits of the issues raised if the petitioner did not timely file the PCRA petition. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010). In fact, no court has jurisdiction to review the merits of the claims raised in an untimely PCRA Petition. *Commonwealth v. Lambert*, 884 A.2d 848, 851 (Pa. 2005).

As noted above, Appellant's Judgment of Sentence became final on October 29, 1997. Thus, Appellant's deadline to file a PCRA Petition was October 29, 1998. 42 Pa.C.S. § 9545(b)(1). This Petition, filed on April 20, 2016, is facially untimely.

Appellant asserts that this Petition falls within the PCRA's timeliness exception for newly discovered facts provided in 42 Pa.C.S. § 9545(b)(1)(ii). Appellant's Brief at 8-14. The newly discovered fact exception requires that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S. § 9545(b)(1)(ii). A Petition based on this exception must be filed "within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Due diligence demands that the petitioner take reasonable steps to protect his own interests. *Commonwealth v. Carr*, 768 A.2d 1164, 1168 (Pa. Super. 2001). A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. *Commonwealth v. Breakiron*, 781 A.2d 94, 98 (Pa. 2001). This rule is strictly enforced. *Commonwealth v. Monaco*, 996 A.2d 1076, 1080 (Pa. Super. 2010).

Appellant avers that he learned about certain ballistic and identifying evidence that had been elicited at his 1992 trial after receiving, in July 2016, a transcript of his trial. Appellant's Brief at 9-10. He also avers that he recently learned that his first PCRA counsel abandoned him in 1999 by failing to file a Petition for Allowance of Appeal with the Supreme Court, and asserts that his first PCRA counsel provided ineffective assistance by failing to challenge trial counsel's representation because there were allegedly potential witnesses "available to testify on the Appellant's behalf to prove his

innocence." *Id*. at 12-13. Based on these alleged "newly discovered facts,"

Appellant contends that this Petition is timely under 42 Pa.C.S. §

9545(b)(1)(ii) and 42 Pa.C.S. § 9545(b)(2). He also asserts that the PCRA

court should have appointed counsel after he filed the instant PCRA "as

mandated by law [so] he or she would have seen that … Appellant just

received the after-discovered evidence." Appellant's Brief at 8. Appellant's

averments have no merit.

The Honorable Tracy Brandeis-Roman provided the following analysis of

Appellant's claim that his knowledge, allegedly recently gleaned from the 1992

transcript, provided an exception to the PCRA's time-bar as a newly discovered

fact:

> At the outset, [Appellant's] failure to specify the date he
> discovered these purported facts was fatal to demonstrating
> compliance with the sixty-day mandate. Furthermore, [Appellant],
> who was present during his trial, failed to establish that the facts
> were both unknown to him prior to 2016 and previously
> unascertainable. [Appellant] conceded his presence at trial, but
> nevertheless intimated that because he was represented by
> counsel, he was unaware of the facts underlying this claim.
> [Appellant's] argument, unsupported by any legal authority, [is]
> unpersuasive.

Trial Ct. Op., dated 10/16/17, at 3.

We agree. Appellant fails to establish that he could not have ascertained

the "new facts" pertaining to ballistic and identifying evidence sometime prior

to receiving the trial transcripts twenty-four years after his trial. Appellant's

brief does not contain any plausible explanation why more than twenty years

elapsed before he requested the transcripts or why, specifically, he requested

them for the first time in 2016. As Appellant concedes, he was present at trial. At that time, he became aware of the ballistic and identifying evidence that the Commonwealth presented against him. Moreover, given that this is Appellant's sixth PCRA petition, we are not persuaded, nor has Appellant proved, that he either exercised due diligence in ascertaining these "new facts" *or* that the "new facts" were unknown to Appellant until he requested the transcripts more than twenty years after the conclusion of trial. ***See also Commonwealth v. Grove***, 170 A.3d 1127, 1149 (Pa. Super. 2017) (grant of a PCRA evidentiary hearing "is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim"). Accordingly, having failed to demonstrate due diligence, the trial court properly concluded that Appellant fails to satisfy the timeliness exception provided in Section 9545(b)(1)(ii).

Likewise, Appellant's claims of PCRA counsel's 1999 abandonment and ineffectiveness do not render this petition timely. Appellant concedes that prior counsel's alleged ineffectiveness cannot be invoked as a newly discovered fact for purposes of 42 Pa.C.S. § 9545(b)(1)(ii). ***See*** Appellant's Brief at 11-12. He, nonetheless, asserts that "[i]f initial PCRA counsel had investigated the entire record, he would have seen where trial counsel was ineffective" and Appellant "would not have known of any of this since he did not receive any discovery and/or transcripts until or about July 2016." ***Id***. at 13.

Appellant correctly notes that prior counsel's ineffectiveness does not satisfy the after-discovered facts exception so as to render an untimely PCRA Petition reviewable. *See Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 784-85 (Pa. 2000); *see also Commonwealth v. Wilson*, 824 A.2d 331, 335-36 (Pa. Super. 2003) (*en banc*) (holding that failure of counsel to file an appellate brief is not an exception to the jurisdictional timeliness requirements of the PCRA). Moreover, for the reason set forth above, even if this claim were colorable, Appellant's assertion that he did not know about counsel's ineffectiveness until he received the 1992 trial transcript does not bring this issue within the subsection (b)(1)(ii) timeliness exception.

Finally, Appellant's claim that the PCRA Court was "mandated" to appoint counsel to represent him in this sixth PCRA Petition is without legal support.

A PCRA court is required to appoint counsel for an indigent petitioner only after he or she files a first PCRA petition. Pa.R.Crim.P. 904(C). A court must appoint counsel on a subsequent PCRA petition only if an evidentiary hearing is required. Pa.R.Crim.P. 904(D). A PCRA court may also appoint counsel whenever the interests of justice so require. Pa.R.Crim.P. 904(E).

In the instant case, this is Petitioner's sixth, and not his first, PCRA Petition, so the court was not required to appoint counsel. Moreover, as discussed above, the Petition is facially untimely and Appellant failed to satisfy any of the timeliness requirements so as to provide the courts with

jurisdiction. Accordingly, a hearing was not required. Further, Appellant has failed to convince this Court that the interests of justice required the appointment of counsel.

We conclude the PCRA court properly dismissed Appellant's sixth PCRA Petition as untimely. We, thus, affirm.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/23/18</u>