J-S13017-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT KING, III | : | |
| | : | |
| Appellant | : | No. 1202 MDA 2021 |

Appeal from the PCRA Order Entered August 18, 2021
In the Court of Common Pleas of York County
Criminal Division at No(s):  CP-67-CR-0000716-2008

BEFORE:   STABILE, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KING, J.:                    **FILED AUGUST 03, 2022**

Appellant, Robert King, III, appeals from the order entered in the York County Court of Common Pleas, which dismissed as untimely Appellant's second petition for collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On January 14, 2009, a jury convicted Appellant of third-degree murder, two counts of aggravated assault, and three counts of recklessly endangering another person.  On March 30, 2009, the trial court sentenced Appellant to an aggregate term of 27 to 54 years in prison.  This Court affirmed the judgment of sentence on September 10, 2010, and our Supreme Court denied allowance of appeal on March 2, 2011.  ***See Commonwealth v. King***, 13 A.3d 979

_____

[*] Former Justice specially assigned to the Superior Court.

(Pa.Super. 2010), *appeal denied*, 610 Pa. 575, 17 A.3d 1252 (2011).

Appellant timely filed his first PCRA petition *pro se* on March 25, 2011. On April 4, 2011, the court appointed Attorney Christopher Moore as PCRA counsel. Following a hearing, the court denied relief on June 1, 2011. This Court affirmed the denial of PCRA relief on April 12, 2012,[1] and our Supreme Court denied allowance of appeal on September 10, 2012. **See Commonwealth v. King**, 48 A.3d 476 (Pa.Super. 2012), *appeal denied*, 617 Pa. 624, 53 A.3d 50 (2012).

On May 11, 2021, Appellant filed the current, counseled PCRA petition. In it, Appellant acknowledged that his petition was facially untimely, but he alleged he met one of the exceptions to the timeliness requirements of the PCRA. Specifically, Appellant invoked the "newly-discovered facts" exception, claiming that "on June 19, 2020, he learned that his PCRA counsel [Attorney] Moore had worked for the York County District Attorney's office while [Appellant] was being tried in this matter," demonstrating a conflict of interest. (PCRA Petition, filed 5/11/21, at ¶24). Appellant alleged Attorney Moore rendered ineffective assistance of counsel based on this conflict of interest, which led Attorney Moore to file a **Turner/Finley** brief on appeal of

---

[1] On appeal, Attorney Moore filed a "no-merit" brief and asked to withdraw pursuant to **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super 1988). When this Court affirmed the denial of PCRA relief, it also permitted Attorney Moore to withdraw.

the denial of PCRA relief concerning his first PCRA petition. Appellant claimed

he learned this information after another inmate showed him a copy of a

webpage revealing Attorney Moore's prior employment with the District

Attorney's Office. Appellant attached as Exhibit A-1, the webpage discovered

by Appellant's fellow inmate.[2] Based on Attorney Moore's alleged conflict of

_____

[2] The webpage appears to have been printed on August 21, 2009, and purports to contain information concerning the York County District Attorney's Office. Under a section called "Latest News" there appears to be some commentary mentioning Appellant. That section of the printout is partially cut off and not entirely clear. The section, however, is dated July 27, 2009, which would **post-date** Appellant's January 2009 convictions in this case. As we can best decipher, the blurb Appellant circled on the webpage states:

> Co-defendants Robert "Buick" King III and Donte Milburn, accused in the 2006 murder of Juan [unclear] are asking to be prosecuted individually. Both men are currently charged with first-degree and second degree murder along with robbery and two counts of conspiracy. King is asking for a change of venue or venire…

(**See** PCRA Petition, at Exhibit A-1). There is another section of the printout titled "Staff" which lists Christopher D. Moore as the Chief Deputy Prosecutor of the Special Case Unit. Appellant claims this is his prior PCRA counsel.

Appellant also attached to his PCRA petition a certification from Attorney Moore, stating: "My understanding is that [Appellant], through his counsel, intends to call me as a witness at his PCRA Evidentiary Hearing as to my decision to author a **Turner**/**Finley** letter for the appeal of the PCRA Court's denial of his PCRA Petition." (Attorney Moore's Certification, dated 5/11/21, at 1-2).

Appellant further attached to his PCRA petition a certification stating that Appellant will testify at a PCRA hearing regarding Attorney Moore's decision to file a **Turner**/**Finley** brief on appeal from the denial of his first PCRA petition and his claim that Attorney Moore was ineffective based on a conflict of interest. Appellant would also "testify as to his discovery of this fact and how

*(Footnote Continued Next Page)*

interest, Appellant sought to appeal *nunc pro tunc* from the denial of his first PCRA petition.

The Commonwealth subsequently filed a motion to dismiss the petition as untimely. On August 13, 2021, the PCRA court held a hearing, after which the court granted the Commonwealth's motion and dismissed Appellant's second petition as untimely.

Appellant timely filed a notice of appeal on September 10, 2021. On September 30, 2021, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant filed his Rule 1925(b) statement on October 12, 2021.

Appellant presents the following issue for our review:

> Did the Post-Conviction Relief Act (PCRA) Court err when it held that Appellant's second PCRA Petition was untimely; and therefore, the [c]ourt lacked jurisdiction to hear the Petition? As the [c]ourt held that [Appellant] was not entitled to an exception to the timeliness requirements of the PCRA because he did not demonstrate due diligence in finding that his prior PCRA attorney had previously worked for the Commonwealth as required by the PCRA statute to claim an exception to the timeliness requirements of the PCRA.

(Appellant's Brief at 9).

Appellant argues that on June 19, 2020, he learned through a fellow inmate that prior PCRA counsel, Attorney Moore, had worked for the District

---

and when it was discovered so that the PCRA Court has jurisdiction under one of the exceptions to the time bar of the PCRA." (Appellant's Certification, dated 5/11/21, at 2-3).

Attorney's Office at the time Appellant was being tried in this matter. Appellant asserts he timely filed the current PCRA petition on May 11, 2021, within one year of discovering this information. Appellant claims he was unaware of Attorney Moore's conflict of interest at the time Attorney Moore represented Appellant for his first PCRA petition and would have had no reason to suspect a conflict of interest at that time. Appellant insists there is no longer a "public record presumption" such that the PCRA court could find Appellant could have discovered this information sooner simply because it was of public record. Appellant concludes the PCRA court erred in dismissing his PCRA petition as untimely, and this Court must grant relief. We disagree.

The timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Zeigler**, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow very limited circumstances to excuse the late filing of a petition; a petitioner must also assert the exception within the time allowed under the statute. 42 Pa.C.S.A. § 9545(b)(1) and (b)(2).

To satisfy the "newly-discovered facts" timeliness exception set forth in

Section 9545(b)(1)(ii), a petitioner must demonstrate that "he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa.Super. 2015), *appeal denied*, 633 Pa. 761, 125 A.3d 1197 (2015). Due diligence requires the petitioner to take reasonable steps to protect his own interests. *Commonwealth v. Carr*, 768 A.2d 1164 (Pa.Super. 2001). A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence; this rule is strictly enforced. *Commonwealth v. Monaco*, 996 A.2d 1076 (Pa.Super. 2010), *appeal denied*, 610 Pa. 607, 20 A.3d 1210 (2011).

In *Commonwealth v. Small*, ____ Pa. ____, 238 A.3d 1267 (2020), our Supreme Court made clear there is no longer a "public record presumption" pursuant to which a court may find that information available to the public is not a fact that was previously "unknown" to the petitioner. Nevertheless, the Court clarified, "that [Appellant] is relieved of the public record presumption does not mean that [Appellant] prevails. […] The textual requirements of the time-bar exception remain." *Id.* at ____, 238 A.3d at 1286. Therefore, "although *Small* eliminates the public record presumption, it does not abrogate the requirement that petitioners perform due diligence to discover the facts upon which their claim is predicated." *See Commonwealth v. Keener*, No. 1165 WDA 2021, 2022 WL 2359373, at *4 (Pa.Super. June 30, 2022) (unpublished memorandum). *See also Commonwealth v.*

- 6 -

*Robinson*, No. 208 MDA 2020, 2021 WL 2935696, at *4 (Pa.Super. July 13, 2021) (unpublished memorandum), *appeal denied*, ___ Pa ___, 273 A.3d 504 (2022) (holding that even without public record presumption, appellant is still expected to undertake reasonable efforts to uncover facts that may support claim for collateral relief).[3]

Instantly, Appellant's judgment of sentence became final on May 31, 2011, after expiration of the time to file a petition for writ of *certiorari* with the United States Supreme Court. **See** 42 Pa.C.S.A. § 9545(b)(3). **See also** U.S.Sup.Ct.R. 13 (stating appellant has 90 days to file petition for writ of *certiorari* with U.S. Supreme Court). Appellant had one year from that date—until May 31, 2012—to file a timely PCRA petition. **See** 42 Pa.C.S.A. § 9545(b)(1). Appellant filed the current PCRA petition on May 11, 2021, which is patently untimely. **Id.**

Appellant now attempts to invoke the "newly-discovered facts" exception based on information a fellow inmate discovered concerning Attorney Moore's prior employment with the York County District Attorney's Office. At the outset, we observe that the "new fact" on which Appellant relies does not support his claim of a conflict of interest. Although Appellant argues in his PCRA petition and on appeal, that the webpage shows Attorney Moore worked for the District Attorney's Office at the time Appellant was tried "in

---

[3] **See** Pa.R.A.P. 126(b) (stating we may rely on non-precedential decisions from this Court filed after May 1, 2019, for persuasive value).

this matter," the webpage does not support Appellant's argument. The printout of the webpage is dated August 21, 2009. The "Latest News" section mentioning Appellant is dated July 27, 2009, and it does not discuss **this matter**. Rather, a jury convicted Appellant for the offenses at issue in this case on January 14, 2009. The "Latest News" section of the webpage references different victims and crimes than the ones in this case. Thus, while the webpage might demonstrate that Attorney Moore worked for the District Attorney's Office at some point in time while Appellant was being tried for a different case, it does not, on its face, support Appellant's claim that Attorney Moore worked for the District Attorney's Office while Appellant was being tried **in this matter**.

In denying PCRA relief, the court explained:

> … Appellant provided no reasons as to why the other inmate was able to find the webpage but Appellant could not have found it. Nor was any reasoning given as to why Appellant himself could not have found the information out earlier in any manner.

> … The most obvious way to have found this information out sooner would have been for Appellant to simply ask counsel if there were any conflicts. It is not unreasonable for a defendant or appellant to inquire about counsel's prior experience as an attorney. **Appellant did not have Attorney [Moore] testify at the evidentiary hearing, held on August 13, 2021, to provide any explanation as to whether his prior employment was discussed with Appellant**.

> … Appellant failed to provide sufficient reasoning to show he used due diligence to discover this fact in a timely manner. Appellant fails to meet his burden regarding the "newly-discovered fact" exception. Therefore, Appellant's second

- 8 -

> PCRA Petition is untimely. Because Appellant's second PCRA Petition is untimely, this court does not have jurisdiction to consider the merit of the Petition.

(PCRA Court Opinion, 11/8/21, at unnumbered pp. 7-8) (emphasis added).

We emphasize that notwithstanding the witness certifications attached to his PCRA petition, Appellant did not introduce any testimony or evidence from himself or Attorney Moore at the PCRA hearing. Although Appellant suggests on appeal that the court did not allow Appellant to do so, the PCRA hearing transcript does not support that assertion. At the PCRA hearing, the court heard argument from counsel on the jurisdictional issue and granted the Commonwealth's motion to dismiss. But at no point during the hearing did Appellant seek to call any witnesses on his behalf to overcome the jurisdictional hurdle. Under these circumstances, we agree with the PCRA court's conclusion that Appellant has failed to satisfy the "new facts" exception to the PCRA time-bar. *See* 42 Pa.C.S.A. § 9545(b)(1)(ii). Accordingly, we affirm the order dismissing Appellant's PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/3/2022