**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| DYLAN ALEXANDER SACKETT | : | |
| Appellant | : | No. 1344 MDA 2024 |

Appeal from the PCRA Order Entered August 22, 2024
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0006710-2019

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| DYLAN ALEXANDER SACKETT | : | |
| Appellant | : | No. 1345 MDA 2024 |

Appeal from the PCRA Order Entered August 22, 2024
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0006711-2019

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| DYLAN ALEXANDER SACKETT | : | |
| Appellant | : | No. 1346 MDA 2024 |

Appeal from the PCRA Order Entered August 22, 2024
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0006667-2019

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |

|  |  |  |
|---|---|---|
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
| DYLAN ALEXANDER SACKETT | : |  |
|  | : |  |
| Appellant | : | No. 1347 MDA 2024 |

Appeal from the PCRA Order Entered August 22, 2024
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0006668-2019

BEFORE:  BOWES, J., OLSON, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED: SEPTEMBER 12, 2025**

Appellant, Dylan Alexander Sackett, appeals from the order entered in the York County Court of Common Pleas, which denied his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On October 16, 2020, Appellant pled guilty at four criminal docket numbers to the following offenses involving his female cousins: at docket No. 6668-2019 (victim E.B.), to indecent assault and harassment (specifically, Appellant admitted to touching E.B.'s breast without her consent and engaging in inappropriate sexual texting with her); at docket No. 6667-2019 (victim Al.B.), to harassment and corruption of minors (specifically, Appellant admitted to inappropriate sexual texting with Al.B. knowing she was a minor); and at docket Nos. 6710-2019 (victim An.B.) and 6711-2019 (victim K.B.), to one count each of selling or furnishing liquor or malt or brewed beverages to

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

minors (specifically, Appellant admitted to giving his cousins alcohol when he knew they were underage). Appellant entered the guilty pleas in exchange for an aggregate term of eight (8) years' probation. Following a thorough plea colloquy, the court accepted Appellant's guilty pleas as knowing, intelligent and voluntary.

On February 9, 2021, the court imposed the agreed-upon aggregate term of eight (8) years' probation across all dockets. Appellant did not file post-sentence motions or notices of appeal.

The PCRA court set forth the subsequent procedural history as follows:

> On June 2, 2024, Appellant filed a counseled petition [under the PCRA]. In that PCRA petition Appellant asserts that newly discovered, exculpatory evidence became available and would have changed the outcome of a trial had it been available and requests he be permitted to withdraw his guilty plea.[2] On June 5, 2024, Appellant filed a Motion to

_____

2 In his PCRA petition, Appellant attached as "Exhibit A" an affidavit from his mother, Karen Sackett, dated August 29, 2023. In this exhibit, Karen made the following allegations: (a) in August of 2022, she had a conversation with Appellant's wife, Jordan Sackett, and victims E.B. and An.B. During this conversation, Karen reported that Jordan and An.B. had accused E.B. of lying about Appellant putting alcohol in her drink without her knowledge because they had seen E.B. get the alcohol herself. E.B. then responded, "well he did it some other time." (Exhibit A attached to PCRA Petition, filed 6/2/24, at 2); (b) Karen alleged that in the summer of 2022, while Karen was with An.B., Jordan, and K.B., both K.B. and An.B. stated that their father had forced them to go to the police station and "make statements against [Appellant] to support their sister [E.B.]" (*Id.*) Karen stated that both girls expressed that they did not want to make the statements, and they cried and protested, and An.B. said she was filled with shame after; (c) An.B. and K.B. told Karen and Jordan that they were sexually molested by E.B. when they were young girls; (d) When Jordan reported the abuse by E.B. on An.B. and K.B., Karen stated
*(Footnote Continued Next Page)*

> Amend PCRA Petition with attached exhibits including the witness certification for Appellant's wife, Jordan Sackett, and screen shots of a text message exchange.[3]
>
> A hearing on Appellant's PCRA was scheduled for, and held on, August 22, 2024. At that hearing, the Commonwealth raised the preliminary issue of timeliness and objected to

---

that An.B. and K.B.'s father demanded that An.B. and K.B. go to the police station and deny the abuse and threatened to "shoot their horses" if they did not; (e) Karen alleged that in a conversation with Jordan, An.B., and An.B.'s boyfriend in October 2022, An.B.'s boyfriend said that he had witnessed E.B. lie on many occasions. (*See id.* at 2-3).

Appellant also attached as "Exhibit B" an affidavit from his grandmother, Linda Shaffer, dated August 29, 2023. Therein, Linda explains how she had lunch with her granddaughter E.B. on February 13, 2023 and essentially suggested to E.B. that any touching by Appellant must have been consensual and that E.B. did not really remember what had happened. Thereafter, E.B. admitted to Linda that she now does remember what happened and changed her story to make Linda believe the touching was non-consensual. Linda also stated that E.B. told her Appellant had been harassing her for a long time and that she was afraid of him. Linda believed this statement to be a "total lie" based on how E.B. acted towards Appellant in Linda's presence. At one point during the conversation, Linda asked if E.B. would come forward to legal authorities and tell the truth. E.B. responded "if I do that, then for the rest of my life I'll have to…" but she did not finish the sentence. (Exhibit B attached to PCRA Petition, filed 6/2/24, at 1).

[3] Appellant attached as "Exhibit A" to this petition an affidavit from his wife Jordan, dated January 20, 2024. Therein, Jordan alleged that An.B. informed her on multiple occasions that she was unaware that there were charges against Appellant involving her. When she found out the charges involved alcohol, An.B. informed Jordan, Karen, and Linda that she never consumed alcohol in Appellant and Jordan's home. An.B. wanted to go to the District Attorney's office to help Appellant but at that point Appellant had already been sentenced. (Exhibit A attached to Amended PCRA Petition, filed 6/5/24, at 2).

Appellant attached as "Exhibit B" screenshots of alleged text messages exchanged between Jordan and An.B. The screenshots do not contain a year date, and the month and day date are hard to decipher. In the text message exchange, Jordan and An.B. essentially accuse E.B. of lying about Appellant inappropriately touching her and discuss how she has changed her story.

this [c]ourt's jurisdiction.  This [c]ourt also heard testimony from Appellant himself and proffers regarding the proposed testimony of Jordan Sackett and Karen Sackett.  Counsel then provided argument on whether Appellant's assertion that the "newly discovered evidence" was a recantation or if it was solely impeachment evidence that cannot be categorized as newly discovered evidence.

At the conclusion of the hearing, this [c]ourt determined that nothing contained within the PCRA petition constituted newly discovered evidence.  This [c]ourt went on to note that Appellant's guilty plea was entered knowingly, voluntarily and intelligently.  Further, this [c]ourt addressed the affidavits attached to the PCRA petition, that are framed as recantations, and correlate to the offers of proof provided by Appellant's counsel.  However, none of the victims completed affidavits and the affidavits that were attached contain only hearsay statements allegedly made by the victims.  As a result, the PCRA petition was denied.

On September 13, 2024, Appellant filed a timely Notice of Appeal [at each docket number, which this Court consolidated *sua sponte*].  This [c]ourt directed Appellant to file a Concise Statement of Matters Complained of on Appeal pursuant to [Pa.R.A.P.] 1925(b).  On October 3, 2024, Appellant filed a Concise Statement[.]

(PCRA Court Opinion, filed 11/18/24, at 4-5) (internal footnotes omitted).

Appellant raises the following issues for our review:

Whether the PCRA court erred and abused its discretion by denying [Appellant's] petition under the [PCRA] where said petition included a timely and meritorious claim of after-discovered exculpatory evidence pursuant to 42 Pa.C.S.A. § 9543(a)(2)(vi) and 42 Pa.C.S.A. § 9545(b)(1)(ii)?

Whether the PCRA court erred and abused its discretion by denying [Appellant] the opportunity to present witness testimony or other evidence of the after-discovered evidence at his PCRA evidentiary hearing?

(Appellant's Brief at 9).

- 5 -

Appellant's issues are related, and we address them together. Appellant argues that his PCRA petition satisfied the newly-discovered facts exception to the PCRA's time-bar. Specifically, Appellant claims that he discovered new evidence following the entry of his guilty pleas in the form of recantations from the victims in this case. Appellant insists he was unaware of the recantations earlier and could not have discovered them sooner with the exercise of due diligence. Appellant claims he did not discover the recantations until the affidavits attached to his PCRA petition were executed.

As to the merits of his underlying after-discovered evidence claim, Appellant proffers testimony from his mother, Karen Sackett. Appellant's mother reported that in August 2022 (after Appellant's guilty pleas) (1) E.B. made a tacit admission to getting alcohol herself when she was at Appellant's house; K.B. and An.B. stated that their father forced them to go to the police to make statements against Appellant to support their sister, E.B.; (3) An.B. and K.B. reported that they were molested by E.B. when they were young girls; and (4) An.B. and K.B. were forced by their father to deny any abuse by E.B.

Additionally, Appellant proffered testimony from Appellant and E.B.'s grandmother, Linda Shaffer. Appellant submits that Ms. Shaffer reported to having lunch with E.B. in February 2023, during which time E.B. tacitly admitted to falsifying her statements against Appellant. Further, Appellant relies on testimony from his wife, Jordan Sackett. Appellant claims that his

wife exchanged text messages with An.B. and in these text messages An.B. indicated that she was aware E.B. had made false statements against Appellant.

Appellant avers that his proffered evidence is not merely corroborative or cumulative, would not be used solely to impeach the credibility of a witness, and would likely have changed the outcome of the proceedings as Appellant would have gone to trial and likely have been acquitted had he known of this evidence. Appellant contends the PCRA court erred by failing to hold a hearing where he could present this testimony/evidence. Appellant concludes he satisfied both the newly-discovered facts timeliness exception and substantive claim of after-discovered evidence on these grounds, and this Court must grant relief. We disagree.

The timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Zeigler*, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow very limited circumstances to excuse the late filing of a petition; a petitioner must also assert the exception within

the time allowed under the statute.  42 Pa.C.S.A. § 9545(b)(1) and (b)(2).

Specifically, to obtain merits review of a PCRA petition filed more than one year after the judgment of sentence became final, the petitioner must allege and prove at least one of the three timeliness exceptions:

> (i)        the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)       the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)      the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).   As well, "[a]ny petition invoking an exception…shall be filed within one year of the date the claim could have been presented."  42 Pa.C.S.A. § 9545(b)(2).

To meet the "newly-discovered facts" timeliness exception set forth in Section 9545(b)(1)(ii), a petitioner must demonstrate that "he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa.Super. 2015), *appeal denied*, 633 Pa. 761, 125 A.3d 1197 (2015).  Due diligence requires the petitioner to take reasonable steps to protect his own interests.  *Commonwealth v. Carr*, 768 A.2d 1164

(Pa.Super. 2001). A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence; this rule is strictly enforced. **Commonwealth v. Monaco**, 996 A.2d 1076 (Pa.Super. 2010), *appeal denied*, 610 Pa. 607, 20 A.3d 1210 (2011). **See also Commonwealth v. Abu-Jamal**, 596 Pa. 219, 941 A.2d 1263 (2008), *cert. denied*, 555 U.S. 916, 129 S.Ct. 271, 172 L.Ed.2d 201 (2008) (explaining claim based on inadmissible hearsay does not satisfy "newly-discovered facts" exception).

To obtain relief on a substantive after-discovered-evidence claim under the PCRA once jurisdiction is established, a petitioner must demonstrate: (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict. **Commonwealth v. Washington**, 592 Pa. 698, 927 A.2d 586 (2007). **See also Commonwealth v. Small**, 647 Pa. 423, 189 A.3d 961 (2018) (discussing quality of proposed "new evidence" and stating new evidence must be of higher grade or character than previously presented on material issue to support grant of new trial). "Further, the proposed new evidence must be producible and admissible." **Commonwealth v. Smith**, 609 Pa. 605, 629, 17 A.3d 873, 887 (2011), *cert. denied*, 567 U.S. 937, 133 S.Ct. 24, 183 L.Ed.2d 680 (2012).

Instantly, the court sentenced Appellant on February 9, 2021. Appellant did not file post-sentence motions or notices of appeal at of the underlying

- 9 -

dockets. Thus, Appellant's judgment of sentence at all dockets became final thirty (30) days later, in March 2021. *See* 42 Pa.C.S.A. § 9545(b)(3). *See also* Pa.R.A.P. 903(a) (providing 30 days to file notice of appeal). As Appellant did not file the current PCRA petition until June 2024—beyond one year later—it is facially untimely. *See* 42 Pa.C.S.A. § 9545(b)(1).

Appellant now attempts to invoke the newly-discovered facts exception to render his petition timely. At the outset, we note that none of the proffered newly-discovered evidence relates to the victim at docket No. 6667-2019, involving Al.B. Rather, the alleged newly-discovered evidence involves only victims E.B., K.B., and An.B., who are the victims at the other dockets numbers. Thus, Appellant's petition remains untimely at docket No. 6667-2019, with no exception satisfied.

With respect to the alleged newly-discovered evidence from Karen Sackett, we emphasize that the conversations at issue discussed in Karen's affidavit all took place in 2022. Although Karen did not draft the affidavit until August 2023, Appellant has failed to establish why he could not have obtained this information from **his mother** sooner with the exercise of due diligence. Likewise, regarding the affidavit of Linda Shaffer, the conversation between Linda and E.B. took place in February 2023. Although Linda did not draft the affidavit until August 2023, Appellant again has failed to establish why he could not have obtained this information from **his grandmother** sooner with

the exercise of due diligence.[4] *See Monaco, supra*; *Carr, supra*.

Similarly, regarding the affidavit authored by Appellant's wife Jordan attached to Appellant's amended PCRA petition, Jordan states that An.B. informed her on "multiple occasions" that she was unaware that Appellant had been charged with furnishing her alcohol, and wherein An.B. allegedly denied that Appellant had done so. The statement suggests that Jordan learned this information sometime after sentencing (as it states that An.B. declined to go to the District Attorney because Appellant had already been sentenced), but it does not provide a date of these alleged conversations. Although Jordan did not draft the affidavit until January 20, 2024, Appellant has failed to establish why he could not have discovered this information from **his wife** sooner with the exercise of due diligence. As well, assuming without deciding the authenticity of the text messages attached to the amended PCRA petition, the text messages do not provide a year, and the month and day listed on the screenshots are difficult to decipher. Thus, we cannot say if Appellant could have discovered these text messages from **his wife** sooner with the exercise

---

[4] For example, Appellant makes no claims that he was not in communication with his mother or grandmother for a period of time in which he would have been unable to discover the alleged conversations that form the bases of his newly-discovered evidence claims. As the victims in this case are Appellant's cousins, it would not have been unreasonable for Appellant to inquire from his mother or grandmother if they had spoken to the victims and obtained any new information that would assist his case.

of due diligence.[5] *See Monaco, supra*; *Carr, supra*.

Furthermore, as the PCRA court stated, Appellant's allegations of "recantations" are not from the victims themselves. Rather, they are contained within affidavits authored by other individuals and constitute hearsay. At the PCRA hearing, the court heard Appellant's proffered new evidence and decided that the statements were inadmissible.[6] Consequently, Appellant's proffered new evidence is based on inadmissible hearsay which

---

[5] We note that on appeal, Appellant repeatedly argues that he could not have discovered the proffered new evidence prior to entering his guilty plea with the exercise of due diligence, because the conversations at issue did not take place until after his plea. In this respect, Appellant appears to conflate the standard for the newly-discovered evidence time-bar exception (which questions if the petitioner could have discovered the proffered new evidence sooner with the exercise of due diligence for purposes of the timely filing of a PCRA petition) with the substantive after-discovered evidence claim (which questions, *inter alia*, if the proffered new evidence was not discoverable until after the plea/trial).

[6] Appellant claimed at the PCRA hearing that "the hearsay is being offered for not just a limited purpose of recantation, but it would also be a statement against interest that if there is a hearsay exception for, given that it was against what the previous testimony was." (N.T. PCRA Hearing, 8/22/24, at 5). Nevertheless, Appellant makes no claim on appeal and cites no authority on appeal regarding the applicability of the statement against interest hearsay exception. Therefore, we deem Appellant's reliance on this hearsay exception waived on appeal. *See Commonwealth v. Miller*, 212 A.3d 1114 (Pa.Super. 2019), *appeal denied*, 656 Pa. 400, 221 A.3d 643 (2019) (explaining that our Rules of Appellate Procedure require appellants to support their arguments with pertinent analysis, including citation to and discussion of relevant authority and facts of record; failure to do so constitutes waiver on appeal).

fails to satisfy the time-bar exception.[7]  ***See Abu-Jamal, supra***.  Because Appellant's PCRA petition was untimely without an established time-bar exception met, the PCRA court properly declined to hold an evidentiary hearing.  ***See Commonwealth v. Garcia***, 23 A.3d 1059, 1066 n.9 (Pa.Super. 2011), *appeal denied*, 614 Pa. 710, 38 A.3d 823 (2012) (noting that right to evidentiary hearing on PCRA petition is not absolute; PCRA court did not abuse its discretion where it declined to hold evidentiary hearing after determining that appellant's PCRA petition was facially untimely and appellant had failed to meet his burden of proof with regard to any of enumerated time-bar exceptions).  Accordingly, we affirm.

Order affirmed.

Judgment Entered.

![signature: Benjamin D. Kohler]

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/12/2025

---

[7] Moreover, the PCRA court determined that even if Appellant could establish a timeliness exception, his substantive claim of after-discovered evidence would still fail.  (**See** PCRA Court Opinion at 9-14) (explaining that Appellant's proffered after-discovered evidence in form of witness affidavits and offers of proof at hearing consisted of only inadmissible hearsay testimony which is insufficient to warrant relief).  As Appellant has failed to argue or establish the applicability of any hearsay exception on appeal, we agree with the court's analysis.  ***See Smith, supra***.